IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

**AUGUSTA DIVISION**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2021 JUN -2  P 4: 41

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| Wihly Harpo | * | **CIVIL ACTION NO.** |
| V. | * | **CV121- 087** |
| INTERMARK MANAGEMENT CORPORATION ; | * | |
| William Austin Pruitt ; | * | |
| Jacob T. Hayes ; | * | |
| Bo Storey ; | * | |
| Mario Doe ; | * | |
| Sierra Doe ; | * | RE:    927844 (RCMC#) |
| Abbey Beasley ; | * | |
| All Others ; | * | |
| Donyell Porter ; | * | |
| Ramone Lamkin ; | * | |
| Robert W. Hunter III ; | * | |
| Carletta Sims-Brown ; | * | |
| Leah Salazar ; | * | |
| Vera L. Butler . | * | Jury Trial Demanded |
| (Official and Individual Capacities) | | |

## <u>COMPLAINT FOR DAMAGES; EMERGENCY PETITION FOR INJUNCTION AND DECLARATORY RELIEF; PETITION FOR CONVENTIONAL QUIET TITLE; AND PETITION FOR WRIT OF MADAMUS; PETITION TO REMOVE STATE COURT ACTION FOR DENIAL OF CONSTITUTIONAL COURT ACCESS FOR CAUSE OF STATE-SANCTIONED RACIAL DISCRIMINATION AND JUDICIAL FRAUD</u>

**NOW COMES** the Plaintiff/Defendant, pro se, Wihly Harpo ("Harpo"), in the above-styled matter, pursuant to US Const. Amends. I thru XIV; Ga. Const. (1983); O.C.G.A. §44-7-50, et. seq.; O.C.G.A. § 9-10-1, et. seq.; and, O.C.G.A. §15-1-8; O.C.G.A. §15-10-41(b)(2); and O.C.G.A. §5-3-29 to move this Court for a certiorari review of the matter on hearing at such future time as may be appropriate.   In support hereof, Harpo shows the Court as follows:

## I.   <u>Jurisdiction</u>

Jurisdiction of this action is found in this Court pursuant to 28 U.S.C. 1332; 1441; and 1446. This action is also brought pursuant to 42 U.S.C. 1981, 1982, and 1983; 18 U.S.C. 242; U.S. Const. Amends. I et. seq. to XIV; and Ga. Const. (1983, 1991 as amended), Art. I, Sect, I, Paras. I, et.seq..

## II.   <u>Parties and Venue</u>

1. **Plaintiff,** Wilhy Harpo-Brown ("Harpo,' or Plaintiff"), is a citizen and resident of Georgia. At the time of the wrongful acts alleged herein, Plaintiff was a citizen and resident of Richmond County located at 335 Broad Street, #B-3. Augusta, Georgia 30901, and owner-at-law of the subject premise by virtue of admission by default on suit to transfer of title and deed by virtual quit-claim deed from INTERMARK to Plaintiff on January 12, 2021 in federal civil action 1:20-CV-176-MTT.   At the time of the wrongful acts alleged herein, and since to date, Plaintiff has been pursuing a career as a model/aspiring television and music producer with a visual production/talent agency, ORANGE FOXX MEDIA. Plaintiff may be found and served with notice at 2427 Ridge Road, Augusta, Georgia 30906 pending further notice.   Plaintiff is subject to the jurisdiction of this Court.   Plaintiff owns the property by virtue of a quit-claim deed and legal court admission by default of title/deed transfer to Plaintiff by INTERMARK in federal civil

action 1:20-CV-00176 (Harpo v. INTERMARK, et. seq.).   Plaintiff may be found and served with notice at Plaintiff's primary residence.   Plaintiff is subject to the jurisdiction of this Court;

2. **Defendant,** INTERMARK MANAGEMENT CORPORATION, is a for-profit South Carolina Corporation that operates in Georgia; South Carolina; North Carolina; Tennessee; and Virginia as a property development and management firm.                INTERMARK maintains a principal office located at 1811 Sibley Road, Augusta, Georgia 30908.
INTERMARK maintains a registered agent, to wit: INCORP SERVICES INC., located at 9040 Roswell Road, Suite 500, Atlanta, Georgia 30350 wherein INTERMARK may be found served with process.   INTERMARK is subject to the jurisdiction of this Court;

3. **Defendant,** William Austin Pruitt ("Pruitt"), is a property manager for INTERMARK.
Pruitt maintains a principal office located at 1811 Sibley Road, Augusta, Georgia 30906 wherein Pruitt may be found and served with personal process.                Pruitt also maintains a corporate registered agent, to wit: INCORP SERVICES INC., located at 9040 Roswell Road, Suite 500, Atlanta, Georgia 30350 wherein Pruitt may be found served with process.   Pruitt is subject to the jurisdiction of this Court;

4. **Defendant,** Jacob T. Hayes ("Hayes") is an assistant property manager for INTERMARK. Hayes maintains a principal office located at 1811 Sibley Road, Augusta, Georgia 30906 where Hayes may be found and served with personal process.        Hayes also maintains a corporate registered agent, to wit: INCORP SERVICES INC., located at 9040 Roswell Road, Suite 500, Atlanta, Georgia 30350 wherein Hayes may be found served with process.
Hayes is subject to the jurisdiction of this Court;

5. **Defendant,** Bo Storey ("Storey") is a maintenance employee for INTERMARK.   Storey maintains a principal office located at 1811 Sibley Road, Augusta, Georgia 30906 where Storey may be found and served with personal process.        Storey also maintains a registered agent, to wit: INCORP SERVICES INC., located at 9040 Roswell Road, Suite 500, Atlanta, Georgia 30350 wherein Storey may be found served with process.   Storey is subject to the jurisdiction of this Court;

6. **Defendant,** Mario Doe ("Mario") is an maintenance employee for INTERMARK. Mario maintains a principal office located at 1811 Sibley Road, Augusta, Georgia 30906 where

Mario may be found and served with personal process.     Mario maintains a registered agent, to wit: INCORP SERVICES INC., located at 9040 Roswell Road, Suite 500, Atlanta, Georgia 30350 wherein Mario may be found served with process. Mario      is subject to the jurisdiction of this Court;

7. **Defendant**, Sierra Doe ("Sierra") is a tenant and agent of INTERMARK.  Sierra maintains a principal residence located at 335 Broad Street, Unit B-3, Augusta, Georgia 30901.      Sierra also maintains a principal office located at 1811 Sibley Road, Augusta, Georgia 30908 wherein INTERMARK may be found served with process.
Sierra is subject to the jurisdiction of this Court;

8. **Defendant**, Abbey Beasley ("Beasley") is a tenant and agent of INTERMARK.      Beasley maintains a principal residence located at 335 Broad Street, Unit B-3, Augusta, Georgia 30901.      Beasley also maintains a principal office located at 1811 Sibley Road, Augusta, Georgia 30908 wherein INTERMARK may be found served with process.      Beasley is subject to the jurisdiction of this Court;

9. **Defendant**, All Other Occupants ("All Others") are any and all unidentified and unauthorized occupants of the subject premise as assigned or allowed by INTERMARK without Plaintiff's consent.   All Others maintains a principal residence located at 335 Broad Street, Unit B-3, Augusta, Georgia 30901.      All Others also maintains a principal office located at 1811 Sibley Road, Augusta, Georgia 30908 wherein INTERMARK may be found served with process.      All Others are subject to the jurisdiction of this Court;

10. **Defendant**, Donyell Porter ("Porter"), is a Deputy Marshal of Richmond County and Bailiff for the Richmond County Magistrate Court.  Porter maintains a principal office and agents located at 535 Telfair Street, Suite 720, Augusta, Georgia 30901 where Porter may be found and served with process. Salazar is subject to the jurisdiction of this Court;

11. **Defendant**, Ramone Lampkin ("Lampkin"), is the Richmond County Marshal and Chief Bailiff for the Richmond County Magistrate Court.  Porter maintains a principal office and agents located at 535 Telfair Street, Suite 720, Augusta, Georgia 30901 where Lampkin may be found and served with process. Salazar is subject to the jurisdiction of this Court;

12. **Defendant**, Robert W. Hunter III, ("Hunter"), a judge of the Richmond County Magistrate Court.  Hunter maintains a principal office and agents located at 735 James Brown

Boulevard, 4th Floor, Augusta, Georgia 30901 where Hunter may be found and served with process.         Hunter is subject to the jurisdiction of this Court;

13. **Defendant**, Carlette Sims-Brown ("Sims-Brown"), is the Chief Administrative Judge for the Richmond County Magistrate Court.  Sims-Brown maintains a principal office and agents located at 735 James Brown Boulevard, Suite 1400, Augusta, Georgia 30901 where Sims-Brown may be found and served with process. Salazar is subject to the jurisdiction of this Court;

14. **Defendant**, Leah Salazar ("Salazar"), is the Deputy Clerk and Administrator for the Richmond County Magistrate Court.  Salazar maintains a principal office and agents located at 735 James Brown Boulevard, Suite 1400, Augusta, Georgia 30901 where Salazar may be found and served with process. Salazar is subject to the jurisdiction of this Court;

15. **Defendant**, Vera L. Butler ("Butler"), is the Deputy Clerk and Administrator for the Richmond County Magistrate Court. Butler maintains a principal office and agents located at 735 James Brown Boulevard, Suite 1400, Augusta, Georgia 30901 where Butler may be found and served with process. Salazar is subject to the jurisdiction of this Court;


**III.    AFFIDAVIT OF Wihly Harpo-Brown AND STATEMENT OF FACTS (IN SUPPORT OF MOTION TO RECUSE & MOTION FOR SET ASIDE AND VACATE FINAL ORDER & PETITION FOR CERTIORARI & COMPLAINT FOR MONETARY DAMAGES, EMERGENCY INJUNCTIVE RELIEF, AND EMERGENCY DECLARATORY RELIEF, PETITION FOR WRIT OF MANDAMUS, AND PETITON FOR CONVENTIONAL QUIET TITLE (CONSOLIDATED))**

**COUNTY OF FULTON**

**STATE OF GEORGIA**

16. **I , Wihly Harpo-Brown, being sui juris; free from duress; and competent to testify as to these matters which are derived from my own direct personal knowledge and which are not divulged for any improper or illegal purpose, and are hereby certified, under penalty of perjury, to be true and correct, hereby avers and attests as follows:**

17. On March 31, 2021, Harpo-Brown was released from federal detention in action 1:21-CR-00002 and directly returned to 335 Broad Street, B-3, Augusta, Georgia 30901 after obtaining voluntary access from INTERMARK whom verbally agreed to unlock Harpo-Brown's apartment for Harpo-Brown and the remaining lawful occupants (Zeric Wideman; Theresa Bell; and Shaquille Bowman) to gain access and resume residency therein after INTERMARK discovered that INTERMARK had wrongfully evicted Harpo-Brown (and "all others" prematurely without a summons; a judgment; or a writ against the "all others"), and disposed of Harpo-Brown's (and all others') personal and business property, prematurely where – with INTERMARK's full advance knowledge; tacit admission;  and gesture of appeasement - Harpo-Brown was tethered to a federal personal location monitoring service as a bond condition in the related federal civil action against INTERMARK (1:20-CV-176);

18. Federal action 1:20-CV-176 is presently stayed pending the outcome of the federal criminal action 1:20-CR00002 (US v. Harpo-Brown) wherein Harpo-Brown was arrested on a sealed complaint filed by the FBI following private consultation with Judges Dudley Bowen; Randy Hall; Brian Epps; Robert McBurney; Asha Jackson; Chris Brasher; Kelly Lee; Shawn LaGrua; and Danny Craig amongst several other judges);

19. From the moment of Harpo-Brown's arrest for appearing at the Clerk's office to file documents for trial in pending cases,  Harpo-Brown was verbally and physically attacked; beaten; starved, and tortured in multiple jails over a short period of time; denied court access while a prisoner; and prematurely evicted and dispossessed of personal property and money without being brought to court for bench (under duress from jury request) trial from jail despite timely answer and party/witness production request of record;

20. On Monday, April 5, 2021, while Harpo-Brown was absent from the premise running errands, INTERMARK returned and forcefully entered into the subject apartment by surprise; discarded all of Harpo-Brown's remaining property and criminal/civil case files into the rear trash dumpster; and changed the locks to prevent Harpo-Brown's return to occupy his home;

21. As a result of INTERMARK's disposal of Harpo-Brown's said property, the assigned location monitoring system was lost and had to be replaced by the US Marshal Service;

22. Because of Harpo-Brown's evictions, Harpo-Brown is presently homeless; without the resources to conduct search or secure employment to aid rehousing efforts; is growing increasingly depressed and distressed; is suffering physical ailments; and is otherwise in a declining state; and incurring all excessive expenses that is quickly depleting limited resources;

23. Harpo-Brown has been required to deplete all available limited funds, and is now presently destitute and in the streets eating at daily soup kitchens while INTERMARK's guests wrongfully enjoy the use and comfort of Harpo-Brown's home, and the Defendants; Clerk; and Court (Bo Hunter) sleep comfortably at night in their own;

24. On Sunday, May 23, 2021, Harpo-Brown appeared at 335 Broad Street, B-3. Augusta, Georgia 30901, his residence, to return home after Hunter filed orders (on May 4, 2021) which vacated the writ of possession issued on March 4, 2021;

25. Harpo-Brown was assisted by a professional locksmith whom attempted to unlock to unlock the residence door but was estopped when such door was opened by Defendant Sierra whom advised Harpo-Brown that INTERMARK had hurriedly and curiously issued Sierra (and Sierra's roommate, Abbey Beasley) a lease to occupy Harpo-Brown's residence and that Sierra and Beasley had moved into such unit on April 20, 2021;

26. Harpo-Brown advised Sierra of the true circumstances of the litigation; encouraged Sierra to investigate and move; then left to find personal housing to avoid sleeping on the streets again after paying the locksmith for his locksmith service;

27. On Monday, May 24, 2021, the following day, Hunter, with Sims-Brown's express written consent and pre-approval, filed an order into the subject eviction case record which purports to unlawfully enjoin Harpo-Brown from returning to occupy or visit Harpo-Brown's apartment, and to maintain "status quo" until the "retrial" set for June 16, 2021 before the same court that illegally conducted "trial" and issued the subject ex parte summary default judgments granting alleged unpaid rents and possession of the premise on March 4, 2012 while Harpo-Brown was in jail and after Hunter had ignored Harpo-Brown's filed request for an order to produce a prisoner at trial or for continuance pending release on bail to allow civilian personal appearance;

28. Hunter's said injunction order contained no certificate of service showing a valid residential address for Harpo-Brown to receive service by mail under the circumstance; is

not encased in a new civil action; and was issued to adversely affect a substantive constitutional right without prior notice or a hearing; and which action was based upon facts gleaned by Hunter from illicit extra-judicial sources in an ex parte manner;

29. Hunter, essentially, filed the injunction order on Monday, May 24, 2021 following the receipt of emergent communications of concern from INTERMARK agents and the Marshal concerning Harpo-Brown's attempt on Sunday to re-enter Harpo-Brown's apartment to the surprise of the current occupant and which exposed the dilemma in which such residents have unwaringly become inextricably involved due to the failed attempt of Hunter; Robert McBurney; Christopher Brasher; Shawn LaGrua; Kelly Ellerbee; Danny Craig; Christopher Ray; Randy Hall; Dudley Bowen; David Estes; Patricia Green Rhodes; Karl Knoche; and David Burns to aid INTERMARK by attempting to effect a wrongful eviction and expedited re-occupation to avoid Harpo-Brown's return to the subject pending the final outcome of the litigation;

30. Hunter filed the said injunction order with the consent; knowledge; and full conspiratorial participation of Judge Carletta Sims-Brown whom has, like Hunter as described above and within, also taken illegal action, under color of state authority, to deliberately and maliciously deprive Harpo-Brown of home and personal chattel property without cause or due process, and to deprive Harpo-Brown of court access to appeal directly; by certiorari; or by

31. Additionally, the actual presiding judge of record in the matter appears to be Judge Carletta Sims-Brown ("Judge Sims-Brown"), the most recently appointed Chief Judge, whom has, on several occasions, intervened to direct or influence Hunter to take or refrain from specific actions per filing of order concerning Harp-Brown's eviction, causing Harpo-Brown to become confused as to the correct presiding judge based on the docket; court rules; and statutes;

32. It appears from a random review of the record by Harpo-Brown directly, Hunter has, again, entered into the case assigned to another judge, Le Joi Williamson, without proper transfer or reassignment of record by judicial order or party consent, and filed and entered an order, on May 24, 2021 without notice or a chance to be heard, purporting to affect an injunction against Harpo-Brown from returning to the home in which Harpo-Brown has lawful possession in the absence of a writ; was illegally removed from possession by a state court

judge without any lawful jurisdiction secreting known extra-judicial issues requiring recusal sua sponte;

33. Harpo-Brown absolutely WILL NOT honor such order as the same is void ab initio and affords nor imposes any legal duty of acknowledgment or respect as the same was accomplished based upon ex parte communication of disqualified Bo Hunter with the Clerk; INTERMARK; and INTERMARK's de facto agent, and Richmond County Marshal); Judge Sims-Brown; James Blanchard; Daniel J. Craig; and others secretly to continually harass Harpo-Brown thru a series of illegal Fulton and Richmond County residential evictions, and false politically-motivated criminal arrests, for the intent of chilling Harpo-Brown's right and receipt of actual civil relief and general court access;

34. Unless this Court expeditiously finds (or assists Harpo-Brown in finding) suitable and comparable temporary or permanent housing for Harpo to reside pending the noticed hearing set for June 16, 2021 ( 3 weeks away), Harpo-Brown hereby respectfully and directly advises Hunter and the remaining judges of this Court that Harpo-Brown fully intends, and will make every manner of necessary physical and legal effort to recover actual possession of Harpo-Brown's lawful residence from which a proper legal eviction; voluntary surrender; proper statutory service of a lawful injunction action by a court of competent subject-matter or personal jurisdiction has not yet, to date, occurred;

35. In any event of Harpo's actual effort to recover physical possession of the subject premise, Harpo implores Hunter and any member of this court to have Harpo-Brown arrested for contempt and trespass by any version of the police (for any such attempt - past; present; or future - to return to Harpo-Brown's lawful residence) so that additional evidence of criminal judicial fraud can be documented for eventual prosecution and public disclosure;

36. Harpo-Brown has not, until now upon the inadvertent; indirect; and informal surprise discovery of the subject trial notice, had an opportunity to know that Judge Sims-Brown was presiding in the matter or to object (based on possible discovery after research of pre-existing extra-judicial facts warranting recusal) prior to receiving such final order;

37. Harpo never had a prior chance to discover the intent of the court to assign Bo Hunter as the actual presiding judge in the matter or Harpo-Brown would have timely and sufficiently objected by proper verified motion upon credible accounts of disqualifying prejudicial extra-judicial facts involving Bo Hunter;

38. Per extra-judicial recusal warranting facts: In the matter of Harpo v. Daniel J. Craig, et. al. (1:20-CV-137), and several other similar cases, Harpo successfully made statutory service of process on civil suit for damages against several close working colleagues of the same circuit as Judge Sims-Brown, including Judges Carl Brown.

39. Several of such colleagues are in default in their own court.

40. (Attached hereto and incorporated herein by reference is a true and correct copy of the first page of the docket of said federal action 1:20-CV-137 as exhibit A);

41. In the underlying eviction case, Judge Craig actively conspired to deny Harpo court access by refusing to properly accept or administer Harpo's petition for certiorari per the final order in the dispossessory case within the time for such appeal to be timely filed.

42. Judge Craig secretly discarded and concealed the dismissal of a civil action submitted to Judge Craig by Harpo for filing and caused the deadline for such filing to be missed which occurred;

43. In United States District Court action 1: 20 – CV – 137, Judge Craig has been named as a defendant and a certified summons has been issued;

44. Harpo has made successful service upon Judge Craig personally;

45. Harpo's time to serve additional relevant members of this circuit with the federal action has not expired;

46. But for such yet necessary service attempts, other relevant members of the court would be attached formally on suit as defendant(s);

47. (Attached hereto and incorporated herein by reference is a true and correct copy of the stamp-filed first page of the said federal action as exhibit B);

48. Due to the existence of these said facts of court record, Harpo asserts that an abundance of pre-existing prejudice exists that would deprive Harpo of fundamental fairness and due process by the lack of access to a fair and objective judge Harpo cannot receive a fair and impartial trial before Judge Hunter and respectfully requests recusal;

49. Further, Harpo asserts error and objects to the following:

    a. The setting of a trial date without the Court having provided for any of the normal and usual statutory provisions such as discovery; pretrial scheduling conferences, etc. to assess and prepare the Court and parties for trial on the issues is error;

b. Harpo asserts that the Court has erred in prematurely setting the case for trial without, first, awaiting for the necessary filing and service of a new and distinct complaint by the Appellant/Defendant with the Clerk of Superior Court rather than the Court proceed on the basis of the Appellee/Plaintiff's original transferred complaint as required by de novo procedure;

c. The Trial Court has erred by failing to permit the affect of statutory service of process;

d. The Trial Court erred by rescinding and revoking the issuance and assignment of a civil action after payment and acceptance of the full filing fee;

e. The Clerk erred by determining the sufficiency of a document as a pre-condition to acceptance for filing and service;

f. The Trial Court and Clerk erred by exerting defenses for a party which had not been presented by the Defendants or Counsel;

g. The Trial Court erred by considering matters outside the pleading without, first, providing Harpo with advance notice and an opportunity to respond on the record before filing and entry of sua sponte ex parte summary judgment in favor of absent defendants.

50. Per the related direct de novo appeal notice filed in the trial Court, Harpo has not yet filed or served a new complaint as the secondary prerequisite component to proceeding on the primary component, the timely notice of appeal, which provided the Court with notice of the coming appeal but not subject-matter or personal jurisdiction over the case (due to the respective absence of the filing and service of the complaint);

51. As such, there is, technically, no case upon which to proceed. (O.C.G.A. § 5-3-29; **Long v. Greenwood Homes**, 285 Ga. 560 (2009);

52. Harpo objects to a bench trial on the basis that Harpo, in the Magistrate Court, demanded a trial by jury on all triable issues of fact;

53. Harpo has never waived such constitutional and statutory demand by any act of omission willfully or intelligently;

54. Harpo hereby demands a trial by jury on all triable issues;

55. Harpo objects on the basis that Harpo was party to a lease agreement with INTERMARK, not INTERMARK's alleged agents, to wit: William Pruitt or Jake Hayes (so-called property managers).

56. Yet, INTERMARK''s lay agents are being allowed to falsely and surreptitiously represent a corporation in a court of record in place of a licensed attorney as required by state law;

57. The Clerk has wrongfully altered the appellate record to include new parties whom not participants or parties in the trial court;

58. Harpo has been effectively rendered homeless illegally by the wrongful facts of this matter and made to worry about being made sick and remaining bedridden and in fear of contracting COVID-19;

59. On March 3, 2021, Robert Hunter conducted a trial while Harpo-Brown was an absent prisoner in Jefferson County whom had timely filed a request to be produced for jury trial to no avail as Hunter ignored the same request entirely without cause;

60. Between March 4, 2021 and March 22, 2021, Hunter entered several orders against Harpo-Brown without notice or chance to object on behalf of INTERMARK with support evidence solely to harass and punish Harpo-Brown as retribution for Harpo-Brown's complaint against Daniel Craig;

61. Hunter directed Leah Salazar and Vera Butler to harass Harpo-Brown by issuing late notice of filed orders in order to cause Harpo-Brown to fail to comply with such orders and incur sanctions for such failure;

62. Hunter directed Salazar and Butler to refuse to accept and file documents presented by Harpo-Brown for defensive filing of record for trial and Butler and Salazar complied by refusing to accept Harpo-Brown's pleadings on several occasions before trial;

63. On March 15, 2021, INTERMARK; Pruitt; Hayes; Porter; Lampkin; and Mario all forceful trespassed into Harpo-Brown's said residence and conducted a summary eviction without the provision of a lawful writ of possession at 1pm before the lawful time to execute the writ had matured, and removed and destroyed all of the contents thereof before locking Harpo-Brown out of such unit by changing the locks;

64. Later, on March 31, 2021, INTERMARK verbally agreed to relinquish possession of such premise to back to Plaintiff for cause for the recognition of the wrongful said eviction on March 15, 2021 by leaving the subject apartment unlocked for Harpo-Brown to enter and occupy such residence;

65. However, on April 5, 2021, without notice or explanation before or after, INTERMARK suddenly appeared by surprise, during Harpo-Brown's absence to run errands, and

forcefully re-entered the premise and changed the residence door locks so as to prevent Harpo-Brown's re-entrance again;

66. INTERMARK, also, on Monday, April 5, 2021, without notice or explanation, INTERMARK reneged on the said verbal agreement for INTERMARK to voluntarily relinquish said apartment to Harpo-Brown; entered by force; and discarded all of Harpo-Brown's remaining possessions into the trash dumpster in the rear of the property, including all criminal and civil case files; irreplaceable and lucrative creative business notes and plans; clothing; luggage; etc. without regard or discrimination, secretly to ensure permanent destruction;

67. In executing such writ, INTERMARK failed to file a new dispossessory action, and failed to file an affidavit of supportive facts to justify execution of the writ based on an alleged court payment default;

68. After executing two (2) separate residential evictions of Harpo-Brown as described above, INTERMARK and the remaining Defendants collectively conspired directly to obstruct access to Harpo=Brown's residency by virtue of the said unnoticed surprise injunction order, filed May 24, 2021, preserving the illegal occupancy of Harpo-Brown's apartment by Sierra Doe and Ashley Beasley, two (2) personal female friends of INTERMARK property managers, William Pruitt and Jake Hayes, whom knowingly and willingly conspired with the INTERMARK agents to deprive Harpo-Brown of private residency and access to Harpo-Brown's apartment so as to assist INTERMARK in maintaining Harpo-Brown's homeless pending litigation while INTERMARK; Sierra Doe; and Beasley enjoy the use and benefit of Harpo-Brown's stolen personal property and residence following a state-sanctioned and assisted burglary and eviction;

69. Each Defendant has enlisted the service of the County Attorney, to wit: Wayne Brown ("Brown"), to provide and effect personal and official counsel and direction in perpetrating the subject conspiracy in the facts alleged herein wherein drown willingly and deliberately did advise and assist intelligently knowing the full breadth and purpose of such scheme;

70. Wayne Brown, being the county attorney assigned to defend the named government official defendants herein (and their agents), is the spouse of Defendant Sims-Brown, Magistrate Court Chief Judge, close associate and bench colleague of Hunter, and circuit and courthouse colleague of Daniel J. Craig and James G. Blanchard;

71. On or about May 25, 2021, Harpo-Brown received a distress call from a relative explaining that Richmond County Deputy Marshal, to wit: Donyell Porter ("Porter"), appeared and entered onto such relative's private property without a warrant or order of execution, at such address that is not Harpo-Brown's noticed address of record, for the purpose of locating Harpo-Brown to purportedly affect non-statutory service of the subject injunction order wherein Porter interrogated a minor absent parental knowledge or consent;

72. Porter was advised by such minor that Harpo-Brown does not reside therein before Porter left in a foul and disturbed mood after beginning a verbal altercation with the minor;

73. Porter knew or should have known that Porter had no right to enter onto the premise seeking Harpo-Brown, but did so anyway, as Porter held no service certificate from the court or clerk, nor a warrant of any kind per Harpo-Brown but was attempting to execute an illegal injunction based on Porter's personal communications with INTERMARK and Hunter ex parte absent Harpo-Brown;

74. Porter is the same Deputy Marshal whom, on March 15, 2021, knowingly and willingly entered Harpo-Brown's subject residence by force, without a lawful judicial writ or warrant at that time, before the time provided in any writ or order, for the primary purpose of retribution and harassment of Harpo-Brown for claims against a certain supervising deputy Marshal in federal action 1:20-CV-137 wherein Porter, with Marshal Ramone Lampkin direction; knowledge; and consent, did steal and destroy Harpo-Brown's legal papers; personal property; business property; and property being held for others;

75. Porter, along with the remaining Defendants, conspired to, and did accomplish, the eviction of several unserved occupants, including Zeric Wideman; Theresa Bell; and Shaquille Bowman whom never had their chance in court before or since eviction;

76. At all times relevant, Ramone Lampkin has been directly and proximately covertly involved, with the remaining Defendants. in the planning and execution of the illegal trespass and eviction of Harpo-Brown from the subject residence by virtue of forced entry and removal of Harpo-Brown; Harpo-Brown's guests; and all property with allowance of recovery of such property from INTERMARK before INTERMARK and remaining to possession and control of such property from Harpo-Brown in order to stake new claims to the same for themselves as personal property;

77. On March 31, 2021, Salazar and Butler both initially refused to accept and file a notice of appeal from the March 4, 2021 final order, but relented after much consternation and the appearance of the Marshal to assist;

78. Since the filing of Harpo-Brown's timely notice of appeal from the March 4, 2021 final order, Butler and Salazar has willfully and intently acted to obstruct Harpo-Brown's access to appeal the March 4, 2021 order by continuously refusing to decide Harpo-Brown's motion/request for filing of the statutory appeal cost bill to allow satisfaction of such cost bill to permit the transfer of the record to the proper appellate court;

79. Vera Butler and Leah Salazar have refused to submit the appeal cost bill in excess of the period provided for such production by the clerk to a party after valid discernible requests causing Harpo-Brown's appeal and prospect of relief to become stalled without lawful cause of process;

80. In order to harass Harpo-Brown under color of state authority without cause, Butler and Salazar developed the regular habit of needlessly summoning courthouse security and requesting that such security expel Harpo-Brown from the courthouse arbitrarily indefinitely based upon Butler and Salazar's unsubstantiated claims of Harpo-Brown's contumacious behaviour toward the clerks which, on at least one occasion recently, caused Harpo-Brown to be ejected from the clerk's office for no reason while attempting to file documents in pending cases involving Harpo-Brown before incurrence of judgment;

81. Each of theses said Defendants knowingly and willfully conspired collectively to wrongfully evict Harpo-Brown; steal evidence supporting several pending expensive suits; and to affect the expedited unlawful occupation by new "tenants;"

82. The occurrence of these facts has caused a tremendous and overwhelming incurrence of physical; mental; and emotional distress; anxiety; and injury requiring medical treatment and therapy, as well as imposing excessively expensive additional unaffordable expenses leading to destitution of Harpo-Brown;

83. The same said facts have directly and proximately caused a severe rupture and loss of significant and longstanding business and personal relations between Harpo-Brown and several persons and entities deemed actually or potentially important; lucrative; and otherwise distinctly and uniquely beneficial with whom Harpo-Brown previously enjoyed positive relations and in which such relations cannot now likely recover;

84. Harpo hereby asserts that, pursuant to an agreement inferred by INTERMARK 's action in trespassing and stealing from Harpo-Brown as described above, and by virtue of a direct verbal consent by phone and in-person, INTERMARK and INTERMARK's guests (to wit: Sierra DOE and Abbey Beasley) have agreed to pay and satisfy all relief requested, and vacate the premise within ten (10) days from the filing of this document, such fact which shall be authenticated in the event INTERMARK or such guests should fail to or deficiently appear for trial, or fail to timely answer a properly filed and served complaint in any other competent court wherein such is requested as damages;

85. Harpo asserts that, in the event INTERMARK fails to timely and properly object to this action, or fail to timely answer any new state or federal civil action, INTERMARK shall be deemed to have consented to the grant from this Court (or any court of proper jurisdiction) of the full relief requested in federal civil action 1:20-CV-176 without exception or reserve, forthwith, with an additional monetary award for restitution of destroyed personal chattel and intellectual property in the amount of one hundred and fifty million dollars ($150,000,000.00) and supreme title and deed to all real; intellectual; chattel; and monetary property owned in Georgia; South Carolina; and North Carolina to date since January 11, 2021, with all litigation expenses; court costs; pre and post judgment interest until satisfaction;

86. INTERMARK hereby agrees that, in the event of an untimely or no answer by INTERMARK, INTERMARK shall agree and consent that such default shall, at the very moment of the actual occurrence in real time on the record, shall, in fact, constitute, in and of itself, the execution of a de facto quit claim deed thereby executing complete and total transfer of all interests owned and held by INTERMARK in such property to Wihly Harpo-Brown, in that moment, and that Harpo-Brown shall be entitled as a matter of right to create and file, unilaterally, a new and distinct quit-claim deed showing transfer from INTERMARK to Harpo-Brown by any means necessary without the participation of any agent of INTERMARK and without the need to obtain or affect a court judgment or decree, which deed and title shall qualify to be filed with the proper clerk of court as a substitute as may otherwise be required by law;

87. Harpo-Brown hereby asserts and avers that the Defendants have each consented and agreed to accept personal service at the Defendants place of employment via procedure normally

used for official capacity service and that all statutory provisions regarding personal service shall be satisfied by virtue of proper statutory service upon each Defendant in their respective official capacities;

88. Harpo-Brown hereby asserts and avers that the Defendants have each consented and agreed to waive all rights and privileges and benefits to, and shall forever be debarred from, filing any appeal; collateral attack; or bankruptcy action against any judgment in favor of Harpo-Brown, and that all real; chattel; monetary; and intellectual personal and business property be attached to this action toward satisfaction of any judgment, and that the fact of the procedural state of default shall, in and of itself at the moment of factual occurrence, constitute a de facto admission and agreement that such fact shall, in fact, affect a virtual quit claim transfer of the deed and supreme title to all said property entirely and completely to Harpo-Brown even before, and without the need to wait upon, the filing of an express written and published proclamation of official court judgment, but ultimately properly respecting and seeking the objective rule of law;

89. Each remaining Defendant besides INTERMARK also agrees and consents irrevocably, in the event of default, to settle the matter within ten (10) days of such default by remitting the full relief requested to Harpo=Brown without exception or, in the event that no such judgment is timely satisfied, be required to pay such monetary relief at the increased rate of 100% each ten (10) days thereafter accruing until full satisfaction thereof, and that such Defendants waive all rights to a trial on damages; appeal; collateral attack; bankruptcy, or any other relief from such judgment;

90. Defendants, Hunter; Sims-Brown; Porter; Salazar; and Butler, each agree and consent to pay the full relief requested in the amount of one million dollars ($1,000,000.00) and other relief requested, and accept and consent to a waiver of trial on damages; direct appeal; collateral attack; bankruptcy; or other legal action to find relief from judgment;

91. Defendants, Pruitt and Hayes each separately and distinctly agree and consent to pay the full relief requested in the amount of two million dollars ($2,000,000.00) and other relief requested; and accept and consent to a waiver of trial on damages; direct appeal; collateral attack; bankruptcy; or other legal action to find relief from judgment.

92. Defendants, Storey and Mario, each agree and consent to pay the full relief requested in the amount of one million dollars ($1,000,000.00) and other relief requested, and accept

and consent to a waiver of trial on damages; direct appeal; collateral attack; bankruptcy; or other legal action to find relief from judgment.

93. Defendants, Sierra Doe and Abbey Beasley, each agree and consent to pay the full relief requested in the amount of one million dollars ($1,000,000.00) and other relief requested, and accept and consent to a waiver of trial on damages; direct appeal; collateral attack; bankruptcy; or other legal action to find relief from judgment;

94. INTERMARK hereby agrees and consent to reimburse Harpo-Brown and each said occupant of said premise for lost; stolen; and damaged property in the following amount not later July 5, 2021 or pay treble damages in such amount not later than July 15, 2021 or become subject to the latter, both, by independent levy and judicial judgment and levy, and that any agent assigned to contest such judgment or levy shall likewise become attached and liable as the principle for such debt on suit without objection:

   a.  Wihly Harpo-Brown  - $25,000,000.00
   b.  Zeric Wideman      - $ 5,000,000.00
   c.  Theresa Bell       - $ 5,000,000.00
   d.  Shaquille Bowman   - $ 5,000,000.00

95. INTERMARK hereby agrees and consent to reimburse Harpo-Brown for lost; stolen; and damaged property by agreeing that on July 4, 2021the deed and supreme title to BROADWAY APARTMENTS (335 Broad Street, Augusta, Ga. 30901; COBB HOUSE APARTMENT (1001 Greene Street, Augusta, Ga. 30901); WOODCREST (1811 Sibley road, Augusta, Ga. 30908); WOODKNOLL(1000 Patriots Way, Augusta, Ga. 30907); and the RESIDENCES AT RIVERWATCH (205 River Place Drive, Augusta, Georgia 30909) shall be transferred automatically by virtue of a virtual quit claim deed (operating on the actual real time fact of default of the complaint or failure to object on motion not later than June 15, 2021) and, in any event whereof INTERMARK has not fully and voluntarily relinquished actual practical control or vacated the premise in lieu of Harpo=Brown's direct assumption of management, INTERMARK shall pay additional treble damages in such amount not later than July 15, 2021 (or become subject to the additional sanctions) by, both, independent levy and judicial judgment and levy, and that any agent assigned to contest such judgment or levy shall likewise become attached as the principal;

96. INTERMARK has been a tenant-at-sufferance under Harpo-Brown since January 11, 2021, pursuant to INTERMARK's default procedural status in federal civil action 1:20-CV-176 (Harpo v. INTERMARK, et. al,) while conducting evictions and collecting rent from other tenants of the various properties , including Broadway, while knowing that INTERMARK no longer owns such properties; that Harpo-Brown owns such properties; and that all rent collected at the Augusta/Richmond County properties are due to Harpo-Brown rather than INTERMARK;

97. Since January 11, 2021, INTERMARK has wrongfully collected and withheld approximately $5,000,000.00 in rent which has not been remitted to Harpo-Brown and to which Harpo-Brown is lawfully entitled based upon the rental rates charged to such tenants by INTERMARK;

98. INTERMARK hereby agrees and consents to relinquish all real; chattel; and monetary (bank accounts) property within the states of South Carolina; North Carolina; Virginia; and Tennessee to Harpo-Brown, forthwith, as subject to the same conditions asserted in grounds 94 and 95 above;

99. Proper ante litem notice, and all prerequisites to bringing this action, are satisfied;

100.    Jury trial demanded;

101.    Defendants are hereby sued in their personal and official capacities;


## IV.    **Statement of Claims**

A. **Defendants:**  INTERMARK; Pruitt; Hayes; Storey; and Mario
**(breach of contract; slander; libel; wrongful constructive eviction; wrongful attempted constructive eviction; wrongful actual eviction; conversion and theft of personal property; burglary; robbery; fraud; conspiracy to wrongfully evict; bribery)**

99. Plaintiff hereby references each and every former ground of fact shown above and within facts in support of the claims below;

102.    INTERMARK, based upon the above said facts, without cause, executed a wrongful eviction after multiple attempts outside of proper normal established legal

process while knowing no debt or unpaid rent existed and that INTERMARK was not entitled to money or possession by judgment;

103.     INTERMARK's wrongful actions did, directly and proximately, caused Plaintiff's grievous injuries, such injuries from which Plaintiff has yet to recover and that would not have occurred but for the said wrongful deliberate and willful actions of these Defendants;

104.     Plaintiff is entitled to relief from INTERMARK for these wrongful acts alleged and shown above and within;

**B. Defendants:   Hunter; Sims-Brown; Brown; Lampkin; Porter; Salazar; and Butler**

**(slander; libel; wrongful constructive eviction; wrongful attempted constructive eviction; wrongful actual eviction; conspiracy to conversion and theft of personal property; conspiracy to commit burglary; conspiracy to commit robbery; fraud; conspiracy to commit fraud; conspiracy to wrongfully evict; bribery; constructive and actual denial of substantive and procedural court access)**

105.     Plaintiff hereby references each and every former ground of fact shown above and within facts in support of the claims below;

106.     Defendants, each, severally and collectively, based upon the above said facts, without cause, executed a wrongful eviction after multiple attempts outside of proper normal established legal process while knowing no debt or unpaid rent existed and that INTERMARK nor INTERMARK's agents were not entitled to money or possession by judgment; and that Harpo=Brown was entitled to recusal; notice and hearing; and consideration of filings; and access to file and appear in court, before any official action but ignored such rights to effect an illegal eviction under color of state authority as retribution in disguise

107.     Defendants wrongful actions did, directly and proximately, caused Plaintiff's grievous injuries, such injuries from which Plaintiff has yet to recover and that would not have occurred but for the said wrongful deliberate and willful actions of these Defendants;

108.     Plaintiff is entitled to relief from the Defendants for these wrongful acts alleged and shown above and within;

**C. Defendants:   Sierra Doe; Abbey Beasley**

**( criminal trespass; conspiracy to conversion and theft of personal property; conspiracy to commit burglary; conspiracy to commit robbery; fraud; conspiracy to commit fraud; conspiracy to wrongfully evict; bribery)**

109.    Plaintiff hereby references each and every former ground of fact shown above and within facts in support of the claims below;

110.    Defendants, each, severally and collectively, based upon the above said facts, without cause, conspired with INTERMARK and the remaining Defendants to wrongfully enter and occupy Harpo-Brown's subject apartment so as to assist INTERMARK in obstructing Harpo-Brown's return home following INTERMARK's second wrongful eviction occurring on Monday, April 15, 2021 after multiple attempts outside of proper normal established legal process while knowing no debt or unpaid rent existed and that INTERMARK nor INTERMARK's agents were not entitled to money or possession by judgment; and that Harpo=Brown was entitled to recusal; notice and hearing; and consideration of filings; and access to file and appear in court, before any official action but ignored such rights to effect an illegal eviction under color of state authority as retribution in disguise

111.    Defendants wrongful actions did, directly and proximately, caused Plaintiff's grievous injuries, such injuries from which Plaintiff has yet to recover and that would not have occurred but for the said wrongful deliberate and willful actions of these Defendants;

112.    Plaintiff is entitled to relief from the Defendants for these wrongful acts alleged and shown above and within;

113.    Attached hereto and incorporated herein as Exhibits ___ thru __ are true and correct documents that tend to directly illustrate proof of the issues presented in Plaintiffs claims above.


V.    **Relief**

**Whereas,** for the reasons foregoing and within, Harpo hereby moves this Court for an order of granting leave to pursue Certiorari in the Superior Court of Richmond County and a future date for Jury Trial on all triable issues of fact;

**Whereas**, for the reasons foregoing and within, Harpo hereby moves this Court for an order of granting civil contempt damages in the Superior Court of Richmond County and a future date for Jury Trial on all triable issues of fact;

**Whereas**, for the reasons foregoing and within, Harpo hereby moves this Court for an order of granting the set aside and vacation of all prior purported judicial orders filed of record in the matter to date in the Superior and Magistrate Courts of Richmond County for lack of all competent jurisdiction;

**Whereas**, for the reasons foregoing and within, Harpo hereby moves this Court for an order of directing the mandatory recusal, for cause, of Robert Hunter; Carletta Sims-Brown; and James G. Blanchard, and all other disqualified judges and attorneys of the various courts of Richmond County, and the set aside and vacation of all purported judicial orders of record filed by the same said to date in the Superior and Magistrate Courts of Richmond County;

**Whereas**, for the reasons foregoing and within, Harpo hereby moves this Court for an order of granting immediate reimbursement from INTERMARK of all out-of-pocket per diem expenses incurred AND requiring INTERMARK to instantly provide comparable premium housing in the downtown historic district for Harpo to privately reside pending the final outcome of the matter as a direct and proximate result of the subject wrongful eviction and property theft of record in the matter to date in the Superior and Magistrate Courts of Richmond County;

**Whereas**, for the reasons foregoing and within, Harpo hereby moves this Court for an order of granting Harpo=Brown a writ of possession against INTERMARK MANAGEMENT CORPORATION (per the entire property); Sierra DOE (per unit B-3 only); Abbey Beasley (per unit B-3 only); and Jake T. Hayes (per the entire property) per BROADWAY APARTMENTS located at 335 Broad Street, Augusta. Georgia 30901 filed of record in the matter to date in the Superior and Magistrate Courts of Richmond County;

**Whereas**, for the reasons foregoing, Harpo-Brown prays and moves this Court for the following additional relief:

    1.  That the Defendants be served and required to answer this Complaint according to law;

2. That a public trial by jury on all triable issues of fact and damages be had at the soonest date possible from this date before this Court;

3. That any auction or sale or theft of the Plaintiff's said housed property executed and completed unlawfully premature to the final disposition in this matter shall be vacated; invalidated; and judicially noticed as null and void ab initio as against Plaintiff, and all such property damaged; destroyed; converted; or removed be reimbursed for actual costs, forthwith, independently of damages assessed thereto;

4. That a **declaratory judgment** shall issue thereby declaring:

> (1) Whether the, under the facts alleged or otherwise presented in Court constitutes a violation of the subject lease agreement of company policy, absent any waiver of such policy by any act or omission of INTERMARK, warranting (summary) eviction under the provision of such contract or state law?;
>
> (2) Whether the Defendants, collectively and severally, have violated the Plaintiff's contractual; legal; or constitutional rights as alleged in this Complaint?;
>
> (3) Whether INTERMARK properly served all necessary parties to the subject contract or actually occupying the premise with prior notice of the suit by summons as required by contract and state law?;

(4) Whether INTERMARK negligently disrupted Plaintiff's reasonable access to the subject apartment Unit on or before March 16, 2021?;

(5) Whether PUBLIC STORAGE negligently caused the loss and destruction of Plaintiff's personal property due to the lack of maintenance of security surveillance or lack of installation of perimeter gates of the subject unit as promised and contracted?;

(6) Whether INTERMARK negligently and deliberately caused the loss and destruction of Plaintiff's personal property due to the trespass and premature eviction based on nonpayment of rent of the subject unit?;

(7) Whether PUBLIC STORAGE is responsible for loss and destruction of Plaintiff's said stored property?

(8) Whether INTERMARK and the remaining defendants owe the Plaintiff a refund of any portion of the funds paid as rent and other fees under the theory of diminished value of the services rendered at contract based on the said wrongful acts and omissions of the Defendants and the adverse effects such wrongful acts and omissions have had on the Plaintiff and Plaintiff's said property?;

(9) Whether INTERMARK is legally and contractually entitled to proceed with the subject state court dispossessory against Harpo-Brown after wrongful eviction and loss of title/deed?

(10)   Whether Pruitt and Hayes are authorized, by law or the subject contract, to:

(a) Possession and secretly carry a firearm on the subject premise as personal protection during normal business hours?;

(b) Use a personal firearm against a customer on the subject premise during normal business hours?;

(c) Solicit and contract for new persons to acquire and possess Harpo-Brown's apartment pending the subject state-court dispossessory litigation absent a writ of possession?

(d) Authorized to use profanity and threats of physical violence toward customers to resolve conflicts?:

(e) Authorized to summarily evict a customer or tenant based upon unverified non-objectively witnessed allegations summarily without sufficient prior notice or process?;

105. Whether a non-lease-holding occupant of a storage space is entitled to eviction procedure for eviction under state law?;

106. Whether an occupant is entitled to recover possession of the premise where an unauthorized eviction occurs under state law?;

107. Whether subsequent forceful repossession of the subject premise after an unlawful eviction constitutes trespass to authorize an arrest of the occupant upon complaint of the landlord under state law?;

108. Whether law enforcement is obligated to treat an alleged intruder in the manner directed by the wrongful detainer statutes or may an occupant be summarily ejected at will instantly under state law?

109. Whether Defendant INTERMARK and the remaining Defendants violated Plaintiff's right of occupancy and due process of law concerning the events March 4; March 12, March 22; May 19; and May 24, 2021 as described above under state law?

110. Whether the Magistrate Court, a court not of record, enjoyed jurisdiction and was authorized to enjoin Harpo-Brown from returning home to real property as an owner by virtue of the order filed May 24, 2021 without notice or hearing outside of a pending civil action without monetary jurisdictional limits;

111. Whether state law enforcement may, under state law, summarily eject an alleged residential "squatter" after three (3) days of constant consensual habitation without following the state unlawful detainer or dispossessory statutes for eviction?

5. That Plaintiff be awarded actual/compensatory damages in the amount of damages of $5,000,000.00 against each and every individual  official Defendant separately for the wrongful intentional and malicious acts alleged;

6. Plaintiff be awarded actual/compensatory damages in the amount of $150,000,000.00 against the Defendant INTERMARK for the wrongful intentional and malicious acts alleged, and supreme title and deed to all real; intellectual; chattel; and monetary property owned by within the states of Georgia; South Carolina; Tennessee; North Carolina; and Virginia without exception; and that such property shall, upon the very moment of a procedural default by INTERMARK, be deemed transferred and granted to Harpo-Brown in full without encumbrance, by virtue of a de facto quit claim deed, such deed which may be created; verified; memorialized; and executed with full legal force by Harpo-Brown without any necessary participation or consent of INTERMARK or the courts when two or more objective witnesses may formally certify such relevant facts as proof, and that INTERMARK shall waive all rights to appeal; contest; collaterally attack; file for bankruptcy; or take any action against such judgment, deed, or title; such property to include especially 335 Broad Street, Augusta Georgia (Broadway Apartments) which INTERMARK hereby agrees to relinquish and fully vacate to Harpo-Brown before or on July 5, 2021 in lieu of additional damages and incurring a writ of possession for eviction;

7. That Plaintiff be awarded punitive damages in the amount of $1,000,000,000.00 (one billion) against Defendant INTERMARK for the wrongful intentional and malicious acts alleged above and within;

8. That Plaintiff be awarded compensatory damages in the amount of $5,000,000.00 (five million) against each Defendant, severally: Hunter; Lampkin; and Porter, for the wrongful intentional and malicious acts alleged;

9. That Plaintiff be awarded punitive damages in the amount of $30,000,000.00 (thirty million) against each Defendant, severally: Hunter; Lampkin; and Porter, for the wrongful intentional and malicious acts alleged;

10. That Plaintiff be awarded compensatory damages in the amount of $5,000,000.00 (five million) against each Defendant, severally: Sims-Brown; Brown; Salazar; and Butler for the wrongful intentional and malicious acts alleged;

11. That Plaintiff be awarded punitive damages in the amount of $10,000,000.00 (ten million) against Defendants, severally: Sims-Brown; Brown; Salazar; and Butler, for the wrongful intentional and malicious acts alleged;

12. That each Defendants' several and individual personal and professional assets be attached to this action toward satisfaction of any prospective judgment in favor of Plaintiff in this action, including all actual real and virtual real and intellectual business and personal property; monetary/financial accounts; stocks; bonds; insurance policies and all assets of the insurance provider; vehicles; and any other relevant assets;

13. That, after a hearing INTERMARK be enjoined from conducting any future evictions except through the services of a licensed attorney or executing the re-renting of the Plaintiff's said residence; be required to immediately reimburse Plaintiff for all discarded property and expenses of substitute housing since March 15, 2021;

14. That Defendants, upon default, hereby shall be deemed and consented to have waived all rights to a trial on damages and, further, hereby agrees to accept and pay the full amount of damages requested in the complaint without fail or appeal or bankruptcy;

15. That each of these Defendants, severally and individually, upon default, hereby agrees; consents; and agrees to be deemed and consented to have waived and quieted all rights to the Defendants' respective real property titles as subject to judgment and levy by virtue of an admission to submit to a quit claim deed and instant factual involuntary title transfer, especially concerning INTERMARK as per BROADWAY APARTMENTS; COBB HOUSE APARTMENTS; RESIDENCES AT RIVERWATCH; WOODCREST; and WOODKNOLL APARTMENTS which shall be completely transferred and deeded to the Plaintiff without intervention of a special master or jury or judge a trial without fail; appeal; collateral attack; trial on damages from default; or bankruptcy action to relieve judgment;

16. That INTERMARK shall be required to remit to Harpo-Brown , on or before July 31, 2021, all of the monthly rents collected from each said Richmond County property based owned by INTERMARK (as described in and subject to judgment in federal civil action 1:20-CV-176), as collected from the moment of default on January 11, 2021 to date, without fail in full with acquired interest from escrowed holdings;

17. That failure of Defendants to contest personal service upon initial answer, or procedural default, shall constitute a waiver of personal service and imposition of a duty to timely answer the complaint;

18. That grants the Plaintiff actual reimbursement costs for theft and destruction of residential property during wrongful eviction in the amount described above;

19. For an order granting injunctive relief preventing INTERMARK; INTERMARK's agent, customers, and co-horts from entering or occupying the subject apartment B-3 at 335 Broad Street, Augusta, Georgia or leasing such unit to or permitting any other uperson or entity than Harpo-Brown to occupy such apartment pending the final outcome of this litigation;

20. For an order directing INTERMARK; Sierra Doe; Abbey Beasley, and all other unauthorized occupants thereof not personally associated with Harpo-Brown to vacate such apartment and relinquish the same to Harpo-Brown, forthwith

21. For a writ of mandamus requiring the official state Defendants to vacate and set aside all judicial orders filed in violation of the duty to recuse or other procedural prerequisites not satisfied before entry and execution of judgment or state action; for a writ requiring Defendants Salazar and Butler to produce; file; and issue a cost bill to Harpo concerning the timely filed notice of appeal on March 29 and 31, 2021, respectively;

22. That the Plaintiff shall have leave to amend this Complaint;

23. For an order granting leave to remove this action to the United States District Court for trial process for cause official state-sanctioned racial discrimination; denial of court access and equal protection of the laws; and political retribution for publication and prosecution of pervasive and grievous official state-sanctioned institutional malfeasance under color of law denting substantive personal constitutional rights;

24. For pre and post-judgment interest;

25. For Court costs and fees;

26. For Attorney/paralegal fees

27. For such further relief deemed just and proper by this Court.

**This 2ⁿᵈ day of June 2021.** _____, **Wihly Harpo-Brown.**

Wihly Harpo-Brown
2427 Ridge road
Augusta, Georgia 30906
harpoparalegal@gmail.com

**Respectfully Submitted and Filed,**

This 2ⁿᵈ day of June 2021.     /s/_____, Wihly Harpo-Brown, Appellant

2427 ridge Road

Augusta, Georgia 30906

harpoparalegal@gmail.com

## NOTARY VERIFICATION

**CAME BEFORE ME**, an officer duly authorized to witness signatures and administer oaths, was the Affiant. Wihly Harpo=Brown, whom, after first being duly sworn, did aver and testify that the above and within is true; correct; and based upon his direct personal knowledge, and did subscribe his original signature hereto in certification hereof. **Witness.**

This 2ⁿᵈ day of May 2021.     _____, **Notary** (Seal).

## CERTIFICATE OF SERVICE

I, Wihly Harpo-Brown, hereby certify that, being sui juris and competent to testify as to this matter and serve papers herein, I have, on this day, duly served the Defendants, specifically HONEKEY INN, with a notice or copy of this MOTION FOR RECUSAL AND CONTINUANCE (CONSOLIDATED) by placing the same in an envelope into the U.S.P.S regular mail, with proper and sufficient postage and packaging to ensure delivery,  properly addressed as follows:

1.  INTERMARK C/O

    INCORP SERVICES

    9040 ROSWELL ROAD, SUITE 500

    Atlanta, Georgia 30350

    INTERMARK

    1811 SIBLEY ROAD

    AUGUSTA, GEORGIA 30908

This 2nd day of June 2021.   /s/ _____, Wihly Harpo-Brown, Petitioner/Plaintiff