IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WIHLY HARPO,<br><br>  Plaintiff,<br><br>  v.<br><br>INTERMARK MANAGEMENT<br>CORPORATION, et al.,<br><br>  Defendants. | CIVIL ACTION NO.: 1:21-cv-87 |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, Emergency Motion for Relief per Immediate Housing Accommodations, and Emergency Motion for Relief from Unconstitutional State Injunction.  Docs. 2, 6, 9.  For the following reasons, I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*.  Doc. 2.  Additionally, I **RECOMMEND** the Court **DENY** Plaintiff's Emergency Motion for Relief per Immediate Housing Accommodations and Emergency Motion for Relief from Unconstitutional State Injunction.  Docs. 6, 9.

**I.    Motion for Leave to Proceed *in Forma Pauperis***

Plaintiff initially moved to proceed *in forma pauperis* in this action.  Doc. 2.  However, on June 3, 2021, Plaintiff paid the filing fee in full.  Dkt. entry dated June 3, 2021.  Accordingly, I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*.

II.     **Plaintiff's Emergency Motions**

Plaintiff filed two Emergency Motions in this case, which both appear to be motions for preliminary injunctions. In his first Emergency Motion, Plaintiff argues Defendant Intermark prevailed in a dispossessory action against him in state court and seeks to enjoin Intermark from evicting him, or alternatively, to require Defendant Intermark to provide him with housing accommodations and reasonable living expenses. Doc. 6 at 1. Plaintiff's second Emergency Motion also relates to Defendant Intermark's apparently successful eviction of Plaintiff. Doc. 9 at 1–2. Plaintiff asks the Court to order Defendant Intermark to provide him with housing accommodations and reasonable living expenses during the pendency of this action. Id. at 4.

To be entitled to a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001). If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982).

Plaintiff has not shown he has satisfied the prerequisites in order to be entitled to injunctive relief at this time. Plaintiff only addresses the second prong, irreparable injury, in his Motions. At this early stage, Plaintiff has not shown the requisite likelihood of success on the

merits of his claims, the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant, or the injunction or protective order would not be adverse to the public interest. That is, Plaintiff does not carry his burden of showing substantial likelihood of success on the merits, the threatened injury outweighs the harm the injunction would inflict on the non-movant, or the injunction or protective order would not be adverse to the public interest. Thus, Plaintiff fails to meet his burden and is not entitled to a preliminary injunction. Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's Emergency Motion for Relief per Immediate Housing Accommodations and Emergency Motion for Relief from Unconstitutional State Injunction. Docs. 6, 9.

## CONCLUSION

For the foregoing reasons, I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. Doc. 2. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff's Emergency Motion for Relief per Immediate Housing Accommodations and Emergency Motion for Relief from Unconstitutional State Injunction. Docs. 6, 9.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

3

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of July, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA