IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

WIHLY HARPO,  \*

Plaintiff,  \*

v.  \*   CV 121-087

INTERMARK MANAGEMENT
CORPORATION, et al.,  \*

Defendants.  \*

**O R D E R**

Presently pending before the Court are numerous of Plaintiff's motions. The Court addresses each of them below.

**I. CLERK'S ENTRY OF DEFAULT**

First, on September 21, 2021, Plaintiff moved for Clerk's entry of default for Defendants Intermark, Beasley, Lofquist, and all others. (Doc. 25.) Subsequently, Plaintiff filed additional motions for default and default judgment (Docs. 45, 47), which this Court denied on February 16, 2022 (Doc. 52). For the reasons stated in United States Magistrate Judge Benjamin W. Cheesbro's Order (Doc. 52), Plaintiff's motion for default from September 21, 2021 (Doc. 25) is **DENIED AS MOOT**.

## II. MARSHAL'S SERVICE OF PROCESS

On December 3, 2021 Plaintiff filed a motion for marshal's service of process upon Defendants William Pruitt, Jacob Hayes, Bo Storey, and Mario Doe. (Doc. 42.) Citing his incarcerated status, lack of funds, and inability to contact a person qualified to conduct service, Plaintiff moves for an order granting and directing the marshal to effect service on these Defendants, and additional time as may be reasonable to do so. (Id. at 2-3.) Because Plaintiff is not proceeding in forma pauperis ("IFP"), he is responsible for making sure service of process is properly made. See FED. R. CIV. P. 4(c)(1). Plaintiff paid the filing fee; however, he claims he is now "temporarily" indigent based on his incarcerated status. (Doc. 42, at 2.) Pursuant to Federal Rule of Civil Procedure 4, the Court has the discretion to order service be made by a United States marshal in instances like this. FED. R. CIV. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."). However, the Court is required to determine whether Plaintiff has exhausted other reasonable means of effecting service privately before directing the marshal to effect service. See Grant v. Romero, CV 112-107, 2013 WL 1743881, at *1 (S.D. Ga. Apr. 23, 2013).

Plaintiff represents that he has "attempted to find the means to timely and effectively effectuate proper statutory service . . . to no avail due to the inherent restrictive conditions of Plaintiff's present intervening incarceration" and that he "cannot personally or directly access or contact any person qualified to make such service from jail and has been unable to convince any qualified available laypersons to whom Plaintiff has been able to communicate and inquire to do so." (Doc. 42, at 2.) The Court does not find that Plaintiff has exhausted all reasonable means of effecting service privately; nevertheless, because service in this case has been a long process and requiring Plaintiff to serve the Defendants will likely cause further delay and unnecessarily prolong this case, the Court **GRANTS** Plaintiff's request for help effecting service of process and **ORDERS** the United States marshal to serve Defendants William Pruitt, Jacob Hayes, Bo Storey, and Mario Doe. The marshal shall mail a copy of the complaint (Doc. 1) and this Order by first-class mail and request each Defendant waive formal service of the summons. FED. R. CIV. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for wavier, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. FED. R. CIV. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty

3

days after the date the marshal mails the request for waiver. FED. R. CIV. P. 4(d)(3).

Should the marshal be unable to locate Defendants based on the information already in the record, Plaintiff is cautioned he is responsible for providing sufficient information for the marshal to identify and locate each Defendant to effect service. Further, the Court grants Plaintiff an additional **THIRTY (30) DAYS** to complete service as to Defendants William Pruitt, Jacob Hayes, Bo Storey, and Mario Doe. No further extensions for service will be granted.

### III. MOTION TO SET ASIDE AND VACATE REPORT AND RECOMMENDATION AND APPEAL OF MAGISTRATE JUDGE'S ORDER

Plaintiff also filed a "motion to set aside and vacate order adopting Magistrate's report and recommendation [("R&R")], and denying motion for emergency relief." (Doc. 53.) In this motion, Plaintiff requests the Court "set aside and vacate the orders denying recusal and adopting the [R&R] of the Magistrate concerning Plaintiff's request for provision of emergency relief from Defendant Intermark Management Corporation ('Intermark')." (Id. at 1.) Plaintiff appears to be referring to the Court's August 17, 2021 Order (Doc. 16) and is asking the Court to reopen and extend his time to respond to the R&R and time to reopen and extend

4

the time for him to appeal the District Court's Order. (Doc. 53, at 4.)

Although the Court understands Plaintiff's contentions that he was ordered into custody during the time period for objections to the R&R, Plaintiff also admits to the Court that he had due notice of the R&R, drafted objections, but then did not file the drafted objections in time. (See id. at 3.) Based on the fact he was able to draft objections before being ordered into incarceration, the Court does not find this situation constitutes excusable neglect pursuant to Federal Rule of Civil Procedure 60(b)(1). As the Magistrate Judge explained in his R&R, "[f]ailure to file timely, written objections will bar *any later challenge or review* of the Magistrate Judge's factual findings and legal conclusions." (Doc. 13, at 3 (emphasis added) (citing 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192-93 (11th Cir. 2020).) Based on this finding, Plaintiff's motion to set aside and vacate the Court's Order adopting the R&R (Doc. 53) is **DENIED**.

Additionally, Plaintiff filed a "notice of appeal from order of Magistrate Judge denying dispositive motions for relief." (Doc. 54.) Plaintiff argues he has waived no right to an Article III judge and therefore appeals the Magistrate Judge's Order that denied his emergency motions for default, motion for clerk's entry of default judgment, motion for attachment of assets for defaulted

5

defendants, and emergency motion for imposition of a constructive trust (Doc. 52). (Id.) Plaintiff additionally filed "omnibus objections to the Magistrate's exercise of authority over dispositive matters," arguing once again against the Magistrate Judge's exercise of authority as well as an array of other arguments about the handling of his case. (Doc. 59.)

The root of the issue Plaintiff raises seems to be with Magistrate Judge Cheesbro's February 16, 2022 Order (Doc. 52). In this Order, Magistrate Judge Cheesbro denied Plaintiff's "Emergency Motion for Clerk's Entry of Default Judgment" (Doc. 45) and "Motion for Default Judgment" (Doc. 47) and denied as moot Plaintiff's "Motion for Clerk's Entry of Attachment of Assets for Defaulted Defendants" (Doc. 46) and "Emergency Motion for Imposition of a Constructive Trust on Behalf of Plaintiff Against Defendant Intermark Per Default" (Doc. 48). (Doc. 52, at 3.)

Although Plaintiff filed his motions as motions for default judgment (Docs. 45, 47), default has yet to be entered against any of the Defendants, so a motion for default judgment is improper and premature.[1] Plaintiff represents that "the Clerk entered the formal recording of . . . Defendants' procedural default," but default was denied. (See Doc. 45, at 2; Doc. 15.) He mistakenly

---

[1] Only after default is entered may a party seek default judgment. See Bardfield v. Chisholm Props. Cir. Events, LLC, No. 3:09cv232, 2010 WL 2278461, at *6 (N.D. Fla. May 4, 2010) (listing cases for the proposition that a party may not apply for default judgment without first asking the clerk to enter default).

states, numerous times in his filings, that the clerk entered this alleged default on July 20, 2021. (See e.g. Doc. 59, at 2.) Despite these representations, the Court in fact denied Plaintiff's motion for default on July 20, 2021 based on a lack of sufficient service and default has not been entered in this case against any of the Defendants. (See Doc. 15.) While a motion for default judgment is a dispositive motion for which a district court judge is required to rule, a motion for default is not. See Balt. Line Handling Co. v. Brophy, 771 F. Supp. 2d 531, 534 (D. Md. 2011) (citations omitted) ("A motion for default judgment is a dispositive motion for purposes of the Magistrate Judges Act."). In application, Plaintiff's motion was simply a motion for default (the first step in moving for default judgment) so it was not improper for the Magistrate Judge to handle the ruling. Nevertheless, out of an abundance of caution, the Court will treat Magistrate Judge Cheesbro's February 16, 2022 Order as a R&R (Doc. 52) and Plaintiff's current filings (Docs. 54, 59) as his objections to such.

After a careful *de novo* review of the entire record, the Court **CONCURS** with the Magistrate Judge's February 16, 2022 R&R (Doc. 52). The Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's Opinion as the opinion of the Court.

Plaintiff asserts many things in his objections. (Doc. 59.) First, he argues the Clerk entered default, which he believes has

7

"disappeared" from the public access portal but is on his view of the PACER system. (Doc. 59, at 6.) Upon review of the docket, there is absolutely no clerk's entry of default present. As the Court explained in its July 20, 2021 Order, the Defendants had not been properly served so default was improper at that time. (Doc. 15, at 4.) Plaintiff mistakenly believes this Order granted his request for default and therefore moved for entry of default judgment against the Defendants as well as attachment of their assets and imposition of a constructive trust. (Docs. 45, 46, 47, 48.) As the Magistrate Judge emphasized in his R&R, the Court previously found Plaintiff had not shown he served the Defendants, and he has provided no other evidence to negate this finding. (Doc. 52, at 2.) Further, the Court noted Defendants Intermark, Hayes, and Pruitt all answered the complaint on October 5, 2021. (Doc. 27.) Upon review of the docket, the Court is unable to locate sufficient proof of service for these Defendants other than Plaintiff's filing on November 12, 2021 which states he served Defendant Intermark with "Plaintiff's Third Request for Clerk's Entry of Default" (Doc. 25). (Doc. 34.) This filing still does not indicate that the Defendants were properly served a copy of the summons and complaint. Plaintiff's objections seem to take issue with the fact Defendant Intermark's filings in this case by Downey & Cleveland, LLP constitute an "unlawful appearance" and "interference and obstruction of the administration of justice in

8

this action." (Doc. 59, at 7.) The Court is unsure of Plaintiff's basis for this argument; nevertheless, this argument has nothing to do with the fact that default judgment is not warranted at this time because default has not been entered against any of the named Defendants.

Plaintiff's objections offer nothing to change the Court's decision that default judgment is not appropriate at this time, Defendants have not been properly served, default has not been entered against any of them, and some Defendants have since answered the complaint. Further, Plaintiff's requests for attachment of assets and imposition of trusts are moot because he is not entitled to any relief at this time. Based on the foregoing, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 52) regarding the denial of Plaintiff's motions (Docs. 45, 46, 47, 48).

### IV. MOTION FOR EXTENSION OF TIME

On March 24, 2022 Plaintiff filed a motion for extension of time requesting additional time to respond to Defendant Intermark's motion to dismiss. (Doc. 61.) Plaintiff requests an additional fourteen (14) days to respond to the pending motion because he was delayed in receiving notice and copies of the filings. (Id. at 1.) Upon due consideration, the Court **GRANTS** Plaintiff's motion (Doc. 61). Plaintiff shall file a response to

9

Defendant Intermark's motion to dismiss (Doc. 50) within **FOURTEEN (14) DAYS** of the date of this Order.

### V. CONCLUSION

For the foregoing reasons, Plaintiff's motion for clerk's entry of default (Doc. 25) is **DENIED AS MOOT**; Plaintiff's motion for marshal's service of process (Doc. 42) is **GRANTED** and the Court **ORDERS** the United States Marshal to serve Defendants Pruitt, Hayes, Storey, and Doe as set out above; Plaintiff's motion to set aside and vacate the Court's Order adopting the R&R (Doc. 53) is **DENIED**; Plaintiff's objections to the Magistrate Judge's February 16, 2022 Order (Docs. 54, 59) are **OVERRULED** and the Court **ADOPTS** the Magistrate Judge's Order (Doc. 52) as the Order of this Court; and Plaintiff's motion for extension of time (Doc 61) is **GRANTED**. Plaintiff **SHALL FILE** his response to Defendant's motion to dismiss within **FOURTEEN (14) DAYS** of the date of this Order.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of April, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA