IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
WIHLY HARPO,                    *
                                *
     Plaintiff,                 *
                                *
          v.                    *      CV 121-087
                                *
INTERMARK MANAGEMENT            *
CORPORATION, et al.,            *
                                *
     Defendants.                *
```

**O R D E R**

Presently pending before the Court is Defendants Intermark Management Corporation ("Intermark"), William Austin Pruitt, and Jacob T. Hayes' (collectively, the "Intermark Defendants") motion to dismiss (Doc. 50), Plaintiff's motion for leave to exceed page limit (Doc. 88), and Plaintiff's motion to strike (Doc. 107). For the reasons that follow, the Intermark Defendants' motion to dismiss is **DENIED**, Plaintiff's motion to exceed page limit is **DENIED**, and Plaintiff's motion to strike is **DENIED**.

**I. MOTION TO EXCEED PAGE LIMIT AND MOTION TO STRIKE**

Plaintiff sought numerous extensions of time to respond to the pending motion to dismiss and provided different excuses each time. (See Docs. 61, 68, 74, 82.) After the Court gave Plaintiff numerous extensions, it deemed the Intermark Defendants' motion to

dismiss as unopposed pursuant to Local Rule 7.5.[1] (See Doc. 85, at 4.) Nevertheless, Plaintiff filed a motion for leave to exceed page limit in responding to the Intermark Defendants' motion to dismiss. (Doc. 88.) The Court already instructed Plaintiff that the time to respond to the motion to dismiss has expired, and no further extensions will be granted, so this motion is **DENIED AS MOOT**. Further, Plaintiff's motion to strike Defendants' response to his motion for leave to file excess pages (Doc. 107) is also **DENIED AS MOOT**.

## II. MOTION TO DISMISS

The Intermark Defendants filed their motion to dismiss on February 11, 2022. (Doc. 50.) They argue this lawsuit must be dismissed pursuant to the federal full faith and credit statute. (Id. at 6.)

On November 12, 2020, Intermark filed a complaint for dispossessory in the Magistrate Court of Richmond County, Georgia (the "First Lawsuit"). (Id. at 9.) Plaintiff filed his answer on November 23, 2020, and the Magistrate Court granted Intermark a writ of possession for Apartment B3 at 335 Broad Street, Augusta, Georgia ("Apartment B3") on March 4, 2021. (Id. at 2, 11.) After

---

[1] "[E]ach party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion," and "[f]ailure to respond within the applicable time period shall indicate that there is no opposition to a motion." L.R. 7.5, SDGa.

2

numerous motions by Plaintiff, the Magistrate Court vacated all orders and granted a rehearing. (Id. at 2.) After a rehearing, on June 29, 2021, judgment was entered for Intermark, awarding possession of Apartment B3 and a money judgment. (Id. at 2-3, 13-14.) Plaintiff then filed an application for discretionary review with the Georgia Court of Appeals which was dismissed. (Id. at 15.) He then filed an appeal to the Superior Court of Richmond County, which had yet to be assigned a case number at the time of this filing. (Id. at 3.)

Plaintiff also filed a dispossessory action against Intermark (the "Second Lawsuit") in the Magistrate Court of Richmond County on April 29, 2021. (Id. at 17.) Meanwhile, on December 4, 2020, Plaintiff filed another lawsuit against Intermark in this Court (the "Third Lawsuit"). (See 1:20-cv-176, SDGa; Doc. 50, at 19-39.) All three lawsuits involved Plaintiff's rights under the same lease agreement Plaintiff entered with Intermark in March 2020. (Doc. 50, at 4.) The Third Lawsuit was stayed pending resolution of Plaintiff's criminal trial and investigation. (Id. at 41.) While it was stayed, Plaintiff filed the present action (the "Fourth Lawsuit") based on alleged property rights Plaintiff claims under the same lease agreement. (Id. at 5.)

The Intermark Defendants argue the Fourth Lawsuit seeks relief on the same claims asserted in the other three. (Id.) Since it involves the same Parties, same causes of action, and a

3

prior adjudication on the merits, the Intermark Defendants move to dismiss this suit pursuant to the federal full faith and credit statute, 28 U.S.C. § 1738. (Id. at 6.)

"Under the federal full faith and credit statute, 28 U.S.C. § 1738, federal courts give preclusive effect to a state-court judgment whenever the courts of the state from which the judgment emerged would do the same." Richardson v. Miller, 101 F.3d 665, 668 (11th Cir. 1996). "In Georgia, the doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." Shuman v. First Guar. Mortg. Corp., No. 4:19-cv-055, 2019 WL 5198470, at *3 (S.D. Ga. Oct. 15, 2019) (quotation marks omitted) (citing Karan, Inc. v. Auto-Owners Ins. Co., 629 S.E.2d 260, 262 (Ga. 2006)).

> A party seeking to invoke res judicata on the basis of a prior judgment must establish three prerequisites: (1) identity of parties, (2) identity of the causes of action, and (3) adjudication on the merits by a court of competent jurisdiction in which the parties had a full and fair opportunity to litigate the relevant issues.

Id. (quoting Akin v. PAFEC Ltd., 991 F.2d 1550, 1556 (11th Cir. 1993)).

The Intermark Defendants represent that Plaintiff filed an appeal to the Superior Court of Richmond County in the First Lawsuit, which has yet to be assigned a case number. (Doc. 50, at

4

3, 16.) "In Georgia, there is no final judgment so long as a party has a right to appellate review." Shuman, 2019 WL 5198470, at *4 (citing CS-Lakeview at Gwinnett, Inc. v. Retail Dev. Partners, 602 S.E.2d 140, 142 (Ga. Ct. App. 2004)). Therefore, since an appeal is still currently pending, "the Court may not look to *res judicata* to dismiss [P]laintiff's claims based on the information *currently* contained within the complaint and motions." Id. Based on this, the Intermark Defendants' motion to dismiss is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Intermark Defendants' motion to dismiss (Doc. 50) is **DENIED**, Plaintiff's motion for leave to exceed page limit (Doc. 88) is **DENIED AS MOOT**, and Plaintiff's motion to strike (Doc. 107) is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of August, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA