IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WIHLY HARPO, <br><br> Plaintiff, <br><br> v. <br><br> INTERMARK MANAGEMENT CORPORATION, et al., <br><br> Defendants. | CIVIL ACTION NO.: 1:21-cv-87 |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Court's June 8, 2022 Order denying Plaintiff's Motion for Marshals' Service Upon All Remaining Defendants, doc. 85, and the United States Marshals Service's Unexecuted Return as to Defendant Storey. Doc. 99. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims against Defendants Storey, Sierra Doe, Beasley, "All Others," Porter, Lamkin, Hunter, Sims-Brown, Salazar, and Butler and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal as to these Defendants.

### BACKGROUND

Plaintiff filed his Complaint against 14 Defendants on June 2, 2021. Doc. 1. On September 21, 2021, the Court granted Plaintiff an additional 90 days, beyond the 90 days provided by the Federal Civil Rules of Procedure, to serve all Defendants. Doc. 24. On December 3, 2021, Plaintiff filed a motion for Marshals' service of process upon Defendants Storey, Pruitt, Hayes, and Mario Doe. Doc. 42. The Court granted this motion as to these four Defendants on April 6, 2022. Doc. 66. Although Plaintiff is not proceeding *in forma pauperis*

under 28 U.S.C. § 1915, the Court used its discretion under Federal Rule of Civil Procedure 4 to order the United States Marshal to serve Defendants Storey, Pruitt, Hayes, and Mario Doe.[1] Id. at 2–3.

On May 31, 2022, Plaintiff moved the Court to have the United States Marshals serve all remaining unserved Defendants. Doc. 81. The Court denied this motion, noting the time to complete service had passed, despite the Court having extended the service deadline numerous times. Doc. 85 at 2–3. On July 28, 2022, the Marshals Service returned as unexecuted the service waiver as to Defendant Storey, explaining it cannot locate this individual. Doc. 99. The Court now addresses the lack of timely service on Defendants Storey, Sierra Doe, Beasley, "All Others," Porter, Lamkin, Hunter, Sims-Brown, Salazar, and Butler sua sponte.

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure, which addresses the time limit for service, provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4. "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007). Even when a plaintiff cannot demonstrate good cause, the district court must consider other circumstances that might warrant a permissive extension of time to serve defendants. "[A] district court's dismissal of a case

---

[1] Defendants Pruitt, Hayes, and Mario Doe (Markyna), along with Defendant Intermark Management Corp., have filed Answers and are actively defending this case, and I do not recommend the dismissal of these four parties. See Docs. 27, 83.

under Rule 4(m) after finding that the plaintiff did not demonstrate good cause but before considering whether the facts of the case justify a permissive extension of the service period is 'premature.'" Bilal v. Geo Care, LLC, 981 F.3d 903 (11th Cir. 2020) (citing Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007)). Absent good cause, courts primarily consider whether the defendant is somehow evading service or whether the statute of limitations would bar the refiling of the lawsuit. Horenkamp v. Van Winkle & Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005); see also West v. Lewis Color Lithographers, No. CV606-064, 2007 WL 2071531, at *3 (S.D. Ga. July 16, 2007) ("That [forgiving] treatment contrasts with cases where litigant indolence is accompanied by no limitations bar."). Courts may, at their discretion, extend the time for service or dismiss defendant without prejudice considering such circumstances. See Horenkamp, 402 F.3d at 1133 ("[T]he running of the statute of limitations does not require that a district court extend the time for service of process . . . .").

Plaintiff ultimately has the responsibility for serving Defendants. Plaintiff raises his conviction and incarceration, which occurred 57 days after filing his Complaint, as reason for his failure to complete service. Docs. 21, 42, 81. However, on September 21, 2021, the Court granted Plaintiff a 90-day extension to serve all Defendants to account for this situation. Doc. 24. The Court warned Plaintiff at the time that failure to timely complete service of process may result in dismissal of Plaintiff's claims against unserved Defendants. Id. at 2. Plaintiff raised no further concerns about serving any Defendants other than Storey, Pruitt, Hayes, and Mario Doe until filing his motion for Marshals' service of process upon Defendants on May 31, 2022. Doc. 81. Plaintiff has made no showing of good cause to again extend the deadline for service, other than citing his continued incarceration, a reason the Court has already rejected. Doc. 85 at 2.

Absent good cause, the Court finds no other reason to use its discretion to grant another extension to serve the nine Defendants at issue. See Marcus v. Postmaster Gen. U.S. Postal Serv. Se. Area, 461 F. App'x 820, 822 (11th Cir. 2011) (finding the district court did not abuse its discretion by dismissing plaintiff's complaint sua sponte after plaintiff attempted to comply with Rule 4(i) but failed to send his complaint to the proper recipients); Jackson v. Warden, FCC Coleman-USP, 259 F. App'x 181, 183 (11th Cir. 2007) (upholding refusal to provide additional time to serve United States under Rule 4(m) and dismissal of claims for lack of service); Gunn v. Jariel, No. CV306-309, 2007 WL 2317384, at *3 (S.D. Ga. Aug. 10, 2007) (concluding plaintiff did not show good cause for failing to effect service, notwithstanding plaintiff's ligament transplant surgery during litigation). Plaintiff has made no showing the statute of limitations will bar him from re-filing his claims against these nine Defendants, and Plaintiff has made no showing these nine Defendants are evading service. Because Plaintiff has neglected to complete service upon Defendants Sierra Doe, Beasley, "All Others," Porter, Lamkin, Hunter, Sims-Brown, Salazar, and Butler, Plaintiff's claims against these nine Defendants are due for dismissal.

The Court ordered service upon Defendant Storey by the United States Marshal at Plaintiff's request on April 6, 2022. The Marshals Service was unable to serve Defendant Storey based on the information Plaintiff provided in his Complaint. Doc. 99. Courts assist inmate-plaintiffs—because they are confined and typically indigent—in effecting Rule 4 service. See, e.g., Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990) ("*In forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service where such failure is not due to fault on the litigant's part."). However, in this case, Plaintiff is not proceeding *in forma pauperis*. Doc. 66 at 2. Instead, the Court used its discretion under

Federal Rule of Procedure 4(c)(3) to order the United States Marshal Service to serve Defendant Storey.  Id.  Even when required to assist a party proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court does not have an obligation to assist an inmate in effecting service beyond "directing the Marshal to serve process on those parties (and their addresses) clearly identified by the inmate-plaintiff."  Simmons v. Prison Health Servs. Inc., No. CV408-239, 2009 WL 2914103, at *1 (S.D. Ga. Sept. 10, 2009).  Here, the Court has no higher obligation to assist Plaintiff under its own discretionary order as it would under the requirements of 28 U.S.C. § 1915.  Because efforts to serve Defendant Storey were unsuccessful, Plaintiff's claims against Defendant Storey are due for dismissal.

To the extent Plaintiff is proceeding without counsel, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Tannenbaum v. United States, 148 F.3d 1262 (11th Cir. 1998).  However, the liberal construction rule does not generally apply to procedural rules and deadlines.  McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding liberal construction of the pleading requirements for pro se litigants does not equate with liberal deadlines).  Plaintiff may not rely on his pro se status to continue to extend the time to complete service.

## CONCLUSION

For the reasons discussed above, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims against Defendants Storey, Sierra Doe, Beasley, "All Others," Porter, Lamkin, Hunter, Sims-Brown, Salazar, and Butler and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal as to these Defendants.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 17th day of October, 2022.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA