IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WIHLY HARPO, | |
| Plaintiff, | CIVIL ACTION NO.: 1:21-cv-87 |
| v. | |
| INTERMARK MANAGEMENT CORPORATION, et al., | |
| Defendants. | |

## ORDER

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's October 17, 2022 Report and Recommendation. Doc. 138. The Magistrate Judge recommended dismissal of Defendants Storey, Sierra Doe,[1] Beasley, "All Others," Porter, Lamkin, Hunter, Sims-Brown, Salazar, and Butler based on Plaintiff's failure to serve them in accordance with Federal Rule of Civil Procedure 4(m). Doc. 131. Plaintiff now challenges these recommendations by the Magistrate Judge.

In his Objections, Plaintiff argues the Court should not dismiss the claims against these Defendants for several reasons. Plaintiff says he mailed the Court timely requests for service by the United States Marshals Service but the Court did not receive them. Doc. 138 at 2–3, 9. Plaintiff also argues he properly served Defendants Sierra Doe and Beasley in June of 2021. Id. at 3, 5. Plaintiff asserts the U.S. Marshals did not diligently pursue service on Defendant Storey, as the

---

[1] Sierra Doe is sometimes referred to in this case as Sierra Lofquist.

Court ordered. Id. at 6–8. Plaintiff asks the Court to consider the unserved Defendants' alleged avoidance of service and the effects of dismissal in light of the statute of limitations. Id. at 8–9.

As the Magistrate Judge explained in his Report, the Court has already provided Plaintiff with generous extensions and assistance to serve all Defendants in this case. Federal Rule of Civil Procedure 4(m) provides 90 days for service. In this case, Plaintiff had over 11 months to serve Defendant Storey, from the time Plaintiff filed his Complaint on June 6, 2021, until the Court's third extension for service ended on May 24, 2022. See Docs. 24, 66, 75. The Court exercised its discretion to order the U.S. Marshals to serve Defendant Storey. Doc. 66 at 2–4. The Court provided this assistance although not required by law, as Plaintiff is not proceeding *in forma pauperis* and did not show he had exhausted reasonable means of effecting service privately. Id. As for the other unserved Defendants, the Court provided a 90-day extension for Plaintiff to serve them. Doc. 24. That extension ended on December 7, 2021. Plaintiff did not raise any concerns about serving these other Defendants again until May 31, 2022, when he filed a motion for another extension for service, which the Court denied. Doc. 85 at 1–3.

In light of these circumstances, none of Plaintiff's Objections are persuasive. Plaintiff claims he submitted a motion for Marshals' service of all unserved Defendants sometime between December 2021 and March 2022 but it was never docketed. Doc. 138 at 2–3, 9. However, Plaintiff has waited months to raise the issue of allegedly missing motions until he filed these Objections in October 2022.

Plaintiff argues he properly effected service on Sierra Doe and Beasley in June 2021. Id. at 3. However, the Court has ruled on numerous occasions Plaintiff's attempts to effect service in 2021 were insufficient. See Docs. 15, 52.

Plaintiff generally takes issues with the Marshals' efforts to serve Defendants. Doc. 138 at 6–8. But the docket reveals the Marshals did all that was required. As the Magistrate Judge explained, Plaintiff ultimately has the responsibility for serving Defendants. Plaintiff is not entitled to service by the U.S. Marshals Service, as he is not proceeding *in forma pauperis*. The Court ordered the Marshals' assistance to prevent further delays in this case, not to give Plaintiff an excuse to prolong it. Doc. 66 at 3.

Finally, Plaintiff invokes the factors set out in Horenkamp v. Van Winkle & Co., Inc, 402 F.3d 1129 (11th Cir. 2005), for courts to consider in extending the time for service under Rule 4(m). "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Id. at 1132–33. Plaintiff fails to demonstrate any Defendants are evading service. Although the statute of limitations may prevent Plaintiff from bringing these claims against dismissed Defendants, the Court already gave Plaintiff every opportunity to serve all Defendants, including multiple extensions, the assistance of the U.S. Marshals Service, and—in the case of Defendant Storey—nearly a year to complete service of process. The Court repeatedly warned Plaintiff about his responsibility to serve Defendants and the impending deadlines to do so. Docs. 66, 75. The time to complete service has passed, and Plaintiff's Objections are unavailing.

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **DISMISSES without prejudice** Plaintiff's claims against Defendants Storey, Sierra Doe, Beasley, "All Others," Porter, Lamkin, Hunter, Sims-Brown, Salazar, and Butler and **DIRECTS** the Clerk of

Court to enter the appropriate judgment of dismissal as to these Defendants.

**SO ORDERED**, this 17th day of January, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA