IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WIHLY HARPO, <br><br> Plaintiff, <br><br> v. <br><br> INTERMARK MANAGEMENT CORPORATION, et al., <br><br> Defendants. | CIVIL ACTION NO.: 1:21-cv-87 |

**O R D E R**

This matter is before the Court on Plaintiff's Motion to Recuse. Doc. 203. For the following reasons, I **DENY** Plaintiff's Motion.

Plaintiff moves for the recusal of "Chief Judge James Randal Hall; Magistrate Judge Benjamin W. Cheesbro; and All Judges of the Southern and Middle District of Georgia." Id. at 1. Despite Plaintiff's citation to various unrelated statutes, policies, and constitutional provisions, "[r]ecusal is governed by 28 U.S.C. §§ 144 and 455." Jones v. Commonwealth Land Title Ins. Co., 459 F. App'x 808, 810 (11th Cir. 2012). Section 144 does not apply here, for the reasons discussed herein. Section 455 provides authority for a judge or magistrate judge to "disqualify himself," not someone else. See Cohee v. McDade, 472 F. Supp. 2d 1082, 1084 (S.D. Ill. 2006) (collecting cases). This matter is referred to the undersigned, but because there is

no authority for me to order the recusal of Chief Judge Hall, I do not consider Plaintiff's request for the recusal of Chief Judge Hall.[1]

Plaintiff's Motion fails under 28 U.S.C. § 144. Under § 144, a judge "shall proceed no further" and "another judge shall be assigned" when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." However, "[b]efore a judge recuses herself, a § 144 affidavit must be 'strictly scrutinized for form, timeliness, and sufficiency.'" United States v. Perkins, 787 F.3d 1329, 1343 (11th Cir. 2015) (citing United States v. Womack, 454 F.2d 1337, 1341 (5th Cir. 1972)).

Relief is not available to Plaintiff under § 144 because he is proceeding pro se. Under § 144, a motion must "be accompanied by a certificate of counsel of record stating that it is made in good faith." "However, generally, a 'pro se party cannot supply a certificate of counsel.'" McSmith v. Unite Here Loc. 23, No. 1:18-CV-4233, 2020 WL 10692451, at *2 (N.D. Ga. May 19, 2020) (citing Williams v. N.Y.C. Hous. Auth., 287 F. Supp. 2d 247, 248 (S.D.N.Y. 2003)). This requirement safeguards against untruthful affidavits and unjustified attempts to disqualify a judge. Morrison v. United States, 432 F.2d 1227, 1229 (5th Cir. 1970). Plaintiff provided an affidavit from a non-party, James Martin-Graham. Doc. 203 at 21–26. This affidavit does not satisfy the strict requirements of § 144 because it is not from counsel of record.

---

[1] Although I do not address Plaintiff's motion for the recusal of Chief Judge Hall, I **DENY** Plaintiff's request for the recusal of all judges in U.S. District Courts for the Middle and Southern Districts of Georgia. See Wilson v. Apex Reporting Grp., Inc., No. 18-12875-A, 2019 WL 11866784, at *1 (11th Cir. Jan. 7, 2019) (holding a motion for recusal was properly denied where "there was no matter pending before the magistrate judge from which he could be recused"). Although other judges have been assigned to Plaintiff's civil cases in the past, all four relevant cases are now before Chief Judge Hall and referred to the undersigned for pre-trial matters.

Even if Plaintiff's allegations were supported by an appropriate affidavit, they would still fall woefully short of stating any basis for recusal. "Properly pleaded facts in a § 144 affidavit must be considered as true." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000) (citing Phillips v. Joint Legislative Comm. on Performance & Expenditure Rev. of State of Miss., 637 F.2d 1014, 1019 (5th Cir. 1981)). "To establish the legal sufficiency of the facts, the Plaintiff must show: (1) the facts are material and stated with particularity; (2) the facts are such that, if true, they would convince a reasonable person that a bias exists; and (3) the facts show the bias is personal, as opposed to judicial in nature." Clark v. Phoebe Putney Mem'l Hosp., No. 1:06CV118, 2007 WL 294198, at *1 (M.D. Ga. Jan. 26, 2007) (citing United States v. Serrano, 607 F.2d 1145, 1151 (5th Cir. 1979)). Plaintiff makes groundless accusations Chief Judge Hall and the undersigned "conspired" with others to manufacture rulings against him and took bribes from parties Plaintiff has sued. Doc. 203 at 6–11. Mr. Martin-Graham argues the Court has made incorrect rulings against Plaintiff and its judges are, thus, biased. Id. at 22–26. Plaintiff's allegations are accusatory and conclusory, not based on any particularly stated facts. Mr. Martin-Graham's disagreements with the Court's decisions are insufficient because they are judicial in nature. "[J]udicial rulings alone almost never constitute valid basis for a bias or impartiality motion." Liteky v. United States, 510 U.S. 540, 541 (1994).

Under § 455(a), a judge must disqualify himself if his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(a) requires recusal where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). Any doubts must be resolved in favor of recusal. United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989).

3

Plaintiff argues for recusal based on several allegations.  Plaintiff alleges Defendants in his cases bribed and conspired with the undersigned to secure judicial rulings against Plaintiff.  Doc. 203 at 7–12.  Plaintiff alleges my rulings against him are motivated by racial prejudice.  Id. at 9–10.  Plaintiff also argues for my recusal based on his insistence Judge Hall is "legally disqualified," because Judge Hall referred this case to me.  Id. at 13–14.

Plaintiff's allegations of collusion, bribery, and racism are not only baseless, they are fanciful and pulled from thin air.  For example, Plaintiff alleges I "did commit conspire [sic] and collude with" Defendants, the U.S. Attorney, the U.S. Marshal, and the F.B.I., "collectively operating as a racketeering influenced criminal organization covertly known as the Dixie Mafia."  Id. at 8.  Plaintiff describes a fantastical, delusional scenario without providing any evidence or reasonable explanation.  "[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation."  United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986).  Plaintiff's unsupported accusations are likely motivated by my adverse rulings against him in this litigation.  However, it is well-established adverse rulings do not demonstrate bias or warrant recusal.  Johnson v. Am. Sec. Ins. Co., 392 F. App'x 838, 840 (11th Cir. 2010) ("Adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt.") (quoting Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001)); see also Liteky, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Judge Hall's referral of this case to me is not a sufficient basis for recusal.  Without deciding Plaintiff's request to recuse Judge Hall, I observe that request is based on much of the same, unsupported speculation as Plaintiff's request for my recusal.  Further, my professional association with Judge Hall, as a judge in the same district, does not require my recusal.

See <u>United States v. Spiker</u>, 649 F. App'x 770, 772–73 (11th Cir. 2016) (holding a recused judge's colleagues not required to recuse themselves because "[t]here is no evidence of close personal ties between" them).  Since Plaintiff does not reasonably question my impartiality, I **DENY** Plaintiff's Motion to Recuse.

    **SO ORDERED**, this 28th day of August, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA