IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WIHLY HARPO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>INTERMARK MANAGEMENT<br>CORPORATION, et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 1:21-cv-87 |

**ORDER**

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Orders of June 21, 2023, August 28, 2023, and September 25, 2023. Docs. 223,[1] 234, 237 (objecting to Docs. 207, 230, and 235, respectively). As explained in further detail below, the Court **OVERRULES** Plaintiff's Objections.

When a magistrate judge rules on a non-dispositive pretrial matter, parties may object to that ruling and seek review from the district judge under Federal Rule of Civil Procedure 72(a). Fed. R. Civ. P. 72(a). In reviewing a magistrate judge's order, a district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. The clearly erroneous or contrary to law standard "is exceedingly deferential." Jackson v. Deen, CV 412-139, 2013 WL

---

[1] Plaintiff also filed a one-page "Notice of Appeal" announcing his "intent to hereby appeal to the district court from the order of the Magistrate, filed and entered on June 5, 2023 pertaining to the June 5, 2023 teleconference." Doc. 221. There is no basis for an appeal to a District Judge from an Order of a Magistrate Judge. See Fed. R. Civ. P. 72. The Magistrate Judge issued a written Order on June 21, 2023, relating to the proceedings on June 5, 2023. Doc. 207. Plaintiff filed proper Objections to this Order. Doc. 223. To the extent Plaintiff's "Notice of Appeal" presents Objections to the Magistrate Judge's June 21, 2023 Order, the Court considers the "Notice" together with Plaintiff's Objections and **OVERRULES** them.

3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, CV 07-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Id. (citations omitted). "A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law." Id. (citations omitted).

I.   Plaintiff's Objections to the Magistrate Judge's June 21, 2023 Order

On June 21, 2023, the Magistrate Judge issued written rulings on various discovery matters the parties discussed during a June 5, 2023 telephonic status conference. Doc. 207. The Magistrate Judge: ordered the parties to communicate only in writing by certified mail; granted Defendants leave to serve discovery requests on Plaintiff they had attempted to serve in December 2022; denied Plaintiff's request to strike Defendant Markyna's objections to Plaintiff's interrogatories; and ordered Defendants to serve on Plaintiff a verification of Defendant Markyna's interrogatory responses. Id.

Plaintiff objects to the rulings of the Magistrate Judge. Plaintiff argues the Magistrate Judge inappropriately ruled on these issues because Plaintiff's motion to recuse the Magistrate Judge was pending at the time. Doc. 223 at 2–7. Plaintiff argues he had insufficient notice about the June 5, 2023 hearing. Id. at 7–9. Plaintiff objects to the mandatory use of certified mail because it unfairly limits his access to the Court and the opposing parties. Id. at 9–13. Plaintiff argues the Magistrate Judge erred by giving Defendants additional time to serve discovery requests and interrogatory verifications. Id. at 13–25.

Plaintiff's Objection based on the pendency of his recusal motion is meritless. The Court received Plaintiff's motion for recusal of the Magistrate Judge on June 9, 2023. Doc. 203.

2

Plaintiff's motion for recusal was entirely baseless. The Magistrate Judge correctly denied Plaintiff's motion for recusal on August 28, 2023. Doc. 230. Plaintiff has not pointed to any authority that suggests it was error for the Magistrate Judge to issue the June 21, 2023 Order while Plaintiff's motion for recusal was pending. Cf. Daker v. Warren, No. 20-12296, 2023 WL 4560224, at *3 (11th Cir. July 17, 2023) (concluding a judge should rule on a motion for recusal before dismissing a case but also observing a judge who has already recused may continue to perform ministerial acts in the case). Furthermore, even if the Magistrate Judge should have ruled on Plaintiff's pending recusal motion before ruling on scheduling and discovery matters, any error was harmless. Id. (concluding district court's dismissal of plaintiff's case before ruling a recusal motion was harmless where the recusal motion lacked merit). Plaintiff's motion to recuse lacked any merit. There is no reason to find the Magistrate Judge would have ruled differently in the June 21, 2023 Order had he denied Plaintiff's recusal motion first. Plaintiff's Objection based on the pendency of the motion for recusal is overruled.

Plaintiff Objection the June 5, 2023 telephonic status conference was an improper "surprise" evidentiary hearing, doc. 223 at 7, also lacks merit. The Magistrate Judge set the June 5, 2023 status conference on September 9, 2022. Doc. 119 at 2. Plaintiff had nearly nine months to prepare. The conference was not an "evidentiary hearing," as Plaintiff contends. Rather, the Magistrate Judge simply heard argument from Plaintiff and Defendants' counsel regarding various discovery and scheduling issues. Ultimately, Plaintiff fails to identify any particular information he would have presented if some other form of notice had been provided that would have changed the Magistrate Judge's rulings. For all these reasons, Plaintiff's Objection concerning the circumstances of June 5, 2023 conference is overruled.

Plaintiff's Objection to the Magistrate Judge's Order requiring the parties to communicate in writing by certified mail is without merit. The Magistrate Judge was well within his discretion, under these circumstances, to order the parties to communicate with each other via certified mail. "[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters." Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002) (citing Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001); and then citing United States v. McCutcheon, 86 F.3d 187, 190 (11th Cir. 1996)). The Magistrate Judge imposed the certified mail requirement by necessity. Plaintiff asserted he never received Defendants' discovery requests. Doc. 207 at 5. Defendants' counsel asserted he never received Plaintiff's requests to schedule Defendant Markyna's deposition. Id. at 3–4. Under these circumstances, certified mail provides a means for the Court to control discovery and enforce deadlines based on the parties' receipt of communication. Plaintiff may continue to correspond with the Court via regular mail, so Plaintiff's access to the Court is not affected. Therefore, Plaintiff's Objection to the Magistrate Judge's Order requiring the parties to communicate in writing by certified mail is overruled.

Plaintiff's Objection to the Magistrate Judge's order allowing Defendants additional time to serve discovery requests and an interrogatory answer verification also lacks merit. Courts may extend parties' time to act or modify the scheduling order for good cause. Fed. R. Civ. P. 6(b)(1), 16(b)(4). As the Magistrate Judge explained, Defendants showed good cause for extending the time to serve their discovery requests because Plaintiff says he never received them. Doc. 207 at 5–6. Additionally, the manner in which Plaintiff served his interrogatories was vague and ambiguous as to whether the questions were actually interrogatories, which required timely verification, or something else. Id. at 7. Plaintiff fails to show any clear error in these or any other rulings in the Magistrate Judge's June 21, 2023 Order. Accordingly, the Court **OVERRULES** all

of Plaintiff's Objections to the Magistrate Judge's June 21, 2023 Order. The Order remains the Order of this Court.

## II. Plaintiff's Objections to the Magistrate Judge's August 28, 2023 Order

On August 28, 2023, the Magistrate Judge denied Plaintiff's motion for recusal. Doc. 230. Plaintiff argues in conclusory fashion the Magistrate Judge failed to properly apply the law to Plaintiff's motion for recusal. Doc. 234. At most, Plaintiff simply reasserts the same baseless assertions he made in his initial motion for recusal.

Plaintiff's Objections lack merit. Plaintiff may disagree with the Magistrate Judge's ruling, but Plaintiff shows no error in the Magistrate Judge's decision not to recuse. Accordingly, the Court **OVERRULES** Plaintiff's Objections to the Magistrate Judge's August 28, 2023 Order. The Magistrate Judge's Order remains the Order of this Court.

## III. Plaintiff's Objections to the Magistrate Judge's September 25, 2023 Order

On September 25, 2023, the Magistrate Judge denied as moot Plaintiff's request to withdraw two of his previous motions. Doc. 235. Plaintiff attempted to withdraw two motions in which he made unsupported allegations about misconduct by Defendants' counsel. The Court had already ordered Plaintiff not to raise this argument because the Court has settled the issue. Doc. 159. Thus, the Court denied the two underlying motions. The Magistrate Judge determined it was too late for Plaintiff to withdraw the underlying motions because the Court already ruled on them. Accordingly, the Magistrate Judge denied Plaintiff's request to withdraw the motions as moot. Plaintiff now objects. Doc. 237.

Plaintiff fails to show the Magistrate Judge's ruling is clearly erroneous or contrary to law. Plaintiff fails to provide any authority requiring the Court to withdraw a motion upon the request of the movant, particularly where the motion has already been denied. It does not matter whether

Plaintiff filed his motion to withdraw before or after the Magistrate Judge ruled on the underlying motions. The Court had already ordered Plaintiff not to file these motions. Plaintiff has no valid grounds to withdraw them. Accordingly, the Court **OVERRULES** Plaintiff's Objections to the Magistrate Judge's September 25, 2023 Order. The Magistrate Judge's Order remains the Order of this Court.

**SO ORDERED**, this 6th day of December, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA