IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WIHLY HARPO, | * |
| Plaintiff, | * |
| v. | * CV 121-087 |
| INTERMARK MANAGEMENT CORPORATION, WILIAM AUSTIN PRUITT, JACOB T. HAYES, and MARIO MARKYNA, | * |
| Defendants. | * |

O R D E R

Before the Court is Defendants' renewed motion to dismiss.[1] (Doc. 171.) For the following reasons, Defendants' motion is **GRANTED**.

I. BACKGROUND

The facts of this case are presented in the Court's August 30, 2022 Order and supplemented as necessary below. (See Doc. 114, at 2-4.)

In their original motion to dismiss, Defendants argued the present lawsuit seeks relief on the same claims asserted in the dispossessory lawsuit Defendant Intermark Management Corporation

---

[1] On February 13, 2024, Plaintiff filed a "Motion to Stay and Abey Case & Motion for Extension of Time to Comply with all Responsive Deadlines." (Doc. 248.) Specifically, "Plaintiff requests a 60[-]day stay and extension" of time to respond "to any action of the Court or [P]arties taken since [January 1, 2024]." (Id. at 1.) Neither the Court nor any opposing Party has taken any action in this case since January 1, 2024 requiring Plaintiff's response. Moreover, based on the findings herein, the Court finds a stay would also be inappropriate here. Accordingly, Plaintiff's motion (Doc. 248) is **DENIED**.

("Intermark") filed against Plaintiff in the Magistrate Court of Richmond County, Georgia on November 12, 2020 (the "First Lawsuit"). (Id. at 2-3.) Because both cases involve the same Parties, the same causes of action, and a prior adjudication on the merits, Defendants argued Plaintiff's claims were barred by res judicata and moved to dismiss the present case pursuant to the federal full faith and credit statute, 28 U.S.C. § 1738. (Id. at 3-4.) Since an appeal was still pending in the First Lawsuit, there was not yet a final judgment on the merits, so the Court denied Defendants' original motion to dismiss. (Id. at 4-5 (citing Shuman v. First Guar. Mortg. Corp., No. 4:19-cv-055, 2019 WL 5198470, at *4 (S.D. Ga. Oct. 15, 2019)).)

On January 24, 2023, the Superior Court of Richmond County dismissed Plaintiff's appeal of the Magistrate Court of Richmond County's order in Defendants' favor and entered a final order in the First Lawsuit. (Doc. 171-1.) Plaintiff did not file an appeal to the Georgia Court of Appeals, and the time to appeal elapsed 30 days after the Superior Court entered its final order. O.C.G.A. § 5-6-38(a).

Defendants filed their renewed motion to dismiss on March 1, 2023, responses to which were due by March 15, 2023. (Doc. 171.) On March 31, 2023, Plaintiff filed a motion for leave to file excess pages to respond to Defendants' motion. (Doc. 182.) On April 5, 2023, the Court denied Plaintiff's motion and ordered him

2

to respond to Defendants' motion to dismiss by April 19, 2023. (Doc. 185, at 2.) On April 25, 2023, Plaintiff filed a motion for extension of time to file his response. (Doc. 187.) On May 31, 2023, the Court partially granted Plaintiff's motion, directed him to file his response to Defendants' motion on or before June 14, 2023, and warned him "[n]o more extensions will be granted." (Doc. 198, at 1, 3.) The Court also warned that if Plaintiff failed to comply with the Court's directives, it would treat Defendants' motion as unopposed. (Id. at 1-2.) Although Plaintiff filed five other documents with the Court in the meantime (Docs. 202, 203, 204, 205, 206), he did not file his response to Defendants' motion to dismiss until June 27, 2023 (Doc. 211). Moreover, while Plaintiff indicates his response was written on June 14, 2023, postage was not purchased until June 23, 2023. (Id. at 17, 18.) Nevertheless, out of an abundance of caution, the Court will consider the arguments in Plaintiff's response.

## II. Defendants' Motion

To appropriately address Defendants' motion, the Court first addresses some procedural issues it presents. Next, the Court addresses some of Plaintiff's other procedural arguments. Finally, the Court will consider the merits of Defendants' motion.

## A. Procedural Issues

The Court begins by addressing a couple procedural issues in this case. Although Defendants' renewed motion to dismiss does not mention what rule they move under, titling their motion as a "motion to dismiss" suggests they intended to move under Federal Rule of Civil Procedure 12(b). Rule 12(b) provides, "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b). Both Defendants' original and renewed motions to dismiss, however, were filed after Defendants filed their Answer. (See Doc. 26, at 19 (indicating the Answer was filed October 5, 2021); Doc. 50, at 8 (indicating Defendants' original motion to dismiss was filed on February 11, 2022); Doc. 171, at 4 (indicating Defendants' renewed motion to dismiss was filed March 1, 2023).) "Once the answer was filed, the pleadings were closed, and a Rule 12(b)(6) motion to dismiss, which did not go to the jurisdiction of the court, was inappropriate." Filo Am., Inc. v. Olhoss Trading Co., 321 F. Supp. 2d 1266, 1267 (M.D. Ala. 2004) (citing Hallberg v. Pasco Cnty., No. 95-1354-CIV-T-17A, 1996 WL 153673, at *2 (M.D. Fla. March 18, 1996)). Plaintiff argues this makes Defendants' renewed motion untimely, resulting in waiver of the res judicata defense. (Doc. 211, at 3-4.) But the Court exercises its discretion to construe Defendants' motion as a Rule 12(c) motion for judgment on the pleadings. See Whitehurst v. Wal-Mart Stores E., L.P., 329 F.

4

App'x 206, 208 (11th Cir. 2008) ("[T]he court may construe [a] Rule 12(b)(6) motion as one seeking judgment on the pleadings under Rule 12(c)." (citing Byrne v. Nezhat, 261 F.3d 1075, 1093 n.35, 1096 n.46 (11th Cir. 2001))). As a result, the Court finds Defendants' motion is timely. See id. ("[The defendant] preserved the defense of failure to state a claim by raising it in its answer. In so doing, however, [the defendant] could not assert the defense in a Rule 12(b)(6) motion. Nevertheless, when construed as a Rule 12(c) motion for judgment on the pleadings, [the defendant]'s motion was timely.").

Instead of construing Defendants' motion as one for judgment on the pleadings, Plaintiff would have the Court construe Defendants' motion as one for summary judgment because the motion "rel[ies] on extraneous attachments that are not part of Plaintiff's complaint or central to the allegations or claims thereof." (Doc. 211, at 14.) Generally, when ruling on a motion for judgment on the pleadings, the Court must treat the motion as one for summary judgment under Rule 56 if the Court considers matters outside the pleadings. FED. R. CIV. P. 12(d). But "[c]ourts may . . . take judicial notice of state court documents without converting a motion for judgment on the pleadings into a motion for summary judgment." City of Jacksonville v. Mun. Elec. Auth. of Ga., No. 1:19-CV-3234, 2019 WL 7819483, at *3 (N.D. Ga. Dec. 19, 2019 (citing Cunningham v. Dist. Att'y's Off. for Escambia

5

Cnty., 592 F.3d 1237, 1255 (11th Cir. 2010)). The only extrinsic documents the Court considers in ruling on Defendants' motion are documents filed in the state court proceedings. (See Doc. 50, at 9-16; Doc. 171-1, at 2-6.) Therefore, the Court will take judicial notice of the documents without converting Defendants' motion into a motion for summary judgment.

Plaintiff objects to the Court taking judicial notice of the state court documents because they are unauthenticated and irrelevant. (Doc. 211, at 10.) These objections have no merit for two reasons. First, the Court finds sufficient evidence of the documents' authenticity. (See Doc. 50, at 9-16 (bearing the relevant state-court judge's signature and clerk's stamp); Doc. 171-1, at 2-6 (same).) Second, because Defendants' res judicata argument stems from the underlying state court case, the documents are directly relevant. For these reasons, the Court **OVERRULES** Plaintiff's objections. Accordingly, the Court will construe Defendants' motion as a motion for judgment on the pleadings and not one for summary judgment.

### B. Plaintiff's Procedural Arguments

Plaintiff makes three other procedural arguments: (1) Defendants' counsel is not authorized to represent "[t]he interest of the [o]fficial [c]apacity Defendants"; (2) by appearing specially, the Court does not have personal jurisdiction over Defendants, so it cannot provide the relief Defendants seek; and

6

(3) Defendants' motion is frivolous because, since the state-court order was issued while the case was removed to this Court, it is void. (Doc. 211, at 1-9.) None of these arguments have merit. As the Court previously held, Plaintiff's first argument is baseless. (Doc. 84, at 2; Doc. 159, at 10 (instructing Plaintiff not to "file any more motions asserting . . . that Defendants' counsel cannot represent Defendants unless Plaintiff first obtains leave of Court").) As for Plaintiff's second argument, any objection Defendants might have had regarding personal jurisdiction was waived when Defendants filed their motion without including lack of personal jurisdiction as a basis for dismissal. See Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1213 n.4 (11th Cir. 1999) (citing FED. R. CIV. P. 12(g); FED. R. CIV. P. 12(h)(1)) (noting a defendant "waived any challenge it could have asserted to the court's exercise of personal jurisdiction over it" when it omitted the defense from its motion to dismiss). As a result, the Court has personal jurisdiction over Defendants and can grant the relief sought. Plaintiff's third argument is factually incorrect. Plaintiff did not remove the present case — Plaintiff filed the Complaint in this Court. (Doc. 1.) For these reasons, the Court finds Plaintiffs' procedural arguments meritless.

C. Merits of Defendants' Motion

The Court now addresses the merits of Defendants' motion. Defendants move to dismiss Plaintiff's claims pursuant to the

7

federal full faith and credit statute, 28 U.S.C. § 1738. (Doc. 171, at 3.) Because Plaintiff's previous state-court appeal was dismissed and the time for filing any further appeal has passed, Defendants argue Plaintiff's claims in this case are barred by res judicata. (Id. at 2-3.)

1. Legal Standards

Defendants' motion is governed by the following legal standards.

a. *Motion for Judgment on the Pleadings*

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham, 592 F.3d at 1255 (citation omitted). "The legal standards applicable to Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are the same." Marshall v. Safeco Ins. Co. of Ind., No. CV 112-113, 2013 WL 12155468, at 1 (S.D. Ga. Apr. 16, 2013) (citing Roma Outdoor Creations, Inc. v. City of Cumming, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008)). Therefore, when considering a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading[] and

. . . view those facts in the light most favorable to the non-moving party." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (citation omitted).

> Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'"

Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (quoting Roe v. Aware Woman Ctr. For Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

b. *Res Judicata*

"Under the federal full faith and credit statute, 28 U.S.C. § 1738, federal courts give preclusive effect to a state-court judgment whenever the courts of the state from which the judgment emerged would do the same." Richardson v. Miller, 101 F.3d 665, 668 (11th Cir. 1996) (citation omitted). Because the First Lawsuit was resolved by Georgia courts, Georgia law applies. "In Georgia, the doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." Shuman, 2019 WL 5198470, at *3 (quoting Karan, Inc. v. Auto-Owners Ins. Co., 629 S.E.2d 260, 262 (Ga. 2006)) (internal quotation marks omitted).

> A party seeking to invoke res judicata on the basis of a prior judgment must establish three prerequisites: (1)

9

identity of parties, (2) identity of the causes of action, and (3) adjudication on the merits by a court of competent jurisdiction in which the parties had a full and fair opportunity to litigate the relevant issues.

Id. (quoting Akin v. PAFEC Ltd., 991 F.2d 1550, 1556 (11th Cir. 1993)).

2. Discussion

Res judicata bars Plaintiff's claims in this case because all three prerequisites — (1) identity of parties, (2) identity of the causes of action, and (3) adjudication on the merits by a court of competent jurisdiction in which the parties had a full and fair opportunity to litigate the relevant issues — are satisfied.

a. *Identity of Parties*

The first prerequisite is satisfied because the Parties are identical. The First Lawsuit was brought by Intermark against Plaintiff. (Doc. 50, at 9, 12, 13.) In the present case, Plaintiff names Intermark as a defendant, as well as three Intermark employees: (1) William Austin Pruitt, an Intermark property manager; (2) Mario Markyna, an Intermark maintenance employee; and (3) Jacob T. Hayes, an Intermark assistant property manager (collectively, the "Employee-Defendants").[2] (Doc. 1, at 1, 3-4.) Plaintiff argues the addition of the Employee-Defendants to this suit makes the Parties unidentical and prevents res judicata from barring his claims. (Doc. 89, at 36-39.) Although the Employee-

---

[2] Although Plaintiff initially named numerous other individual Defendants in this case, they were terminated by the Court's January 17, 2023 Order. (Doc. 161.)

10

Defendants were not parties in the First Lawsuit, this does not alter the Court's determination that the Parties are identical because the Employee-Defendants are in privity with Intermark.

A privy is "one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." Lilly v. Heard, 761 S.E.2d 46, 50 (Ga. 2014) (citation omitted). While an employer-employee relationship does not necessarily constitute privity for res judicata purposes, the Georgia Supreme Court has held an employer and employee are in privity with one another when there are no defenses available to one that are not available to the other. See McNeal v. Paine, Webber, Jackson & Curtis, Inc., 293 S.E.2d 331, 332-33 (Ga. 1982). When an employee is sued for acts done within the scope of her employment, the employer is liable if the employee is liable, meaning there are no defenses available to the employee that are not available to the employer. See id. at 333.

Here, Plaintiff alleges Defendants acted unlawfully when they evicted him from the leased property. (Doc. 1, at 12, 19-20.) Because Plaintiff is suing the Employee-Defendants for acts done within the scope of their employment, there are no defenses available to Intermark that would not be available to the Employee-Defendants, and vice versa. See McNeal, 293 S.E.2d at 333. Therefore, the Employee-Defendants are in privity with Intermark.

Thus, the Parties are identical between the lawsuits, and the first prerequisite is satisfied.

      b. *Identity of Causes of Action*

The second prerequisite is satisfied because the same cause of action is involved in both cases. A "cause of action" is "the entire set of facts which give rise to an enforceable claim." Lilly, 761 S.E.2d at 50 (citation and quotations omitted). In the First Lawsuit, Intermark sought to evict Plaintiff from the leased property for violating the lease agreement by not paying rent, and the Magistrate Court of Richmond County ruled in Intermark's favor. (Doc. 50, at 9, 13-14.) In the present case, Plaintiff seeks relief from the dispossessory proceedings and asserts claims stemming from his alleged rights under the same lease. (See Doc. 1, at 23, 25 (seeking a declaratory judgment as to whether there was a "violation of the subject lease agreement" and as to "[w]hether I[ntermark] is legally and contractually entitled to proceed with the subject state[-]court dispossessory" proceedings).) Plaintiff does not dispute that both the present case and the state-court case arise from eviction proceedings and the Parties' rights under the lease. (See Doc. 89, at 39 ("The various cases share a fundamentally common genus in that the entire scope of litigation comprehensively originated with I[ntermark]'s . . . filing of an eviction case against Plaintiff in state court . . . .").) Therefore, because the lease agreement supplies the

set of facts giving rise to the claims in both cases, the second prerequisite is satisfied.

### c. *Final Judgment*

The third prerequisite is satisfied because the First Lawsuit ended with a final judgment on the merits rendered by a court of competent jurisdiction, and the Parties had a full and fair opportunity to litigate all relevant issues.

#### i. Final Judgment on the Merits by a Court of Competent Jurisdiction

The First Lawsuit's adjudication on the merits was final and rendered by a court of competent jurisdiction. "A judgment is final when it disposes of the entire controversy, leaving nothing for the trial court to do in the case." Bhindi Bros. v. Patel, 619 S.E.2d 814, 816 (Ga. Ct. App. 2005) (citation omitted). Moreover, a judgment is "on the merits" when, "pursuant to an appropriate handling of the case, the merits were or could have been determined." Legacy Acad., Inc. v. Doles-Smith Enters., Inc., 812 S.E.2d 72, 79 (Ga. Ct. App. 2018).

The Magistrate Court of Richmond County was a court of competent jurisdiction to hear the First Lawsuit. See O.C.G.A. § 15-10-2(a)(6) (granting each magistrate court jurisdiction and power over dispossessory proceedings). After considering testimony and evidence presented during a June 16, 2021 hearing, the Magistrate Court of Richmond County ruled in Intermark's favor,

found Wilhy Harpo to be in default on his lease, and granted Intermark a writ of possession and judgment against Wilhy Harpo for $4,435 plus court costs. (Doc. 50, at 13-14.) Plaintiff appealed, but the Superior Court of Richmond County dismissed his appeal as untimely. (Id. at 16; Doc. 171-1.) Plaintiff could have appealed the Superior Court's decision within thirty days, but he failed to do so.[3] See O.C.G.A. § 5-6-38(a). Once the thirty-day appeal window closed on February 23, 2022, the Magistrate Court of Richmond County's order became final. Thus, there is a final judgment on the merits by a court of competent jurisdiction in the First Lawsuit.

### ii. Full and Fair Opportunity to Litigate the Relevant Issues

The Parties also had a full and fair opportunity to litigate the issues Plaintiff asserts in the present case.

> In terms of determining whether there has been a full and fair opportunity to litigate the relevant issues "if a claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim, such claim must be asserted as a compulsory counterclaim. 'Same transaction or occurrence' has been broadly and realistically interpreted by the appellate courts to mean whether or not there exists a logical relationship between the respective claims of the parties."

---

[3] Plaintiff argues the Superior Court's order is not final because "[o]n 5/31/2023, the Georgia Court of Appeals docketed and noticed a pending discretionary appeal petition concerning, in part, the [Superior Court's] judgment . . . ." (Doc. 211, at 11.) However, there is nothing on the docket indicating Plaintiff's appeal actually concerns the Superior Court's order. Regardless, the Georgia Court of Appeals has since denied Plaintiff's application for discretionary appeal, and Plaintiff has not provided the Court with any indication he filed a timely appeal of this decision. See Harpo v. Intermark Mgmt., No. A23D0346 (Ga. Ct. App. June 29, 2023).

Shuman, 2019 WL 5198470, at *3 (quoting Bigley v. Mosser, 509 S.E.2d 406, 406 (Ga. Ct. App. 1998)). Under this standard, a party that should have brought a claim as a compulsory counterclaim in the first lawsuit cannot bring a second lawsuit seeking to assert that claim. Id.

Here, there is a logical relationship between the Parties' claims because both Intermark's claims in the First Lawsuit and Plaintiff's claims in the present case are rooted in the Parties' rights under the lease agreement. (See Doc. 50 at 9, 13-14 (seeking to evict Plaintiff for not paying rent as agreed under the lease agreement); Doc. 1, at 19-20 (alleging Intermark "executed a wrongful eviction" and Intermark's "wrongful actions" proximately caused Plaintiff's injuries).) Because Plaintiff's claims in the present case arise out of the same transaction or occurrence as Intermark's claims in the First Lawsuit, Plaintiff already had a full and fair opportunity to litigate them. And since the First Lawsuit ended with a final judgment on the merits from a court of competent jurisdiction, and the Parties had a full and fair opportunity to litigate all relevant issues in that case, the third prerequisite is satisfied.

Based on the foregoing, all three of Georgia's res judicata requirements are met. Because the Georgia courts would give preclusive effect to the final judgment in the First Lawsuit, this Court must do the same under the federal full faith and credit

15

statute. See Richardson, 101 F.3d at 668; 28 U.S.C. § 1738. Therefore, Defendants' renewed motion to dismiss (Doc. 171) is **GRANTED**.

## II. FILING RESTRICTIONS

Given Plaintiff's litigation history, the Court finds filing restrictions are appropriate. Plaintiff is no stranger to this Court and must now be considered a "serial filer." Since September 2020, Plaintiff has filed four cases before the Court, three of which arise from his displeasure with state-court proceedings. (See Doc. 1, at 6-21); see also Harpo v. Intermark Mgmt. Corp., No. CV 120-176 (S.D. Ga. Dec. 4, 2020); Harpo v. Craig, No. CV 120-137 (S.D. Ga. Sept. 30, 2020); Harpo v. Bailey, No. CV 102-161 (S.D. Ga. Nov. 17, 2020). In two of these cases, Plaintiff claims the federal and state officials he has had contact with since the start of the state-court eviction proceedings have conspired against him to prevent him from obtaining relief. See Intermark, No. CV 120-176, Doc. 1, at 4-6; Craig, No. CV 120-137, Doc. 1, at 3-5, 7. The bottom line is Plaintiff is unsatisfied with the prior state and federal court rulings against him. Across these four cases, Plaintiff filed numerous motions and documents, most of which are frivolous and seek to relitigate issues already resolved.

Plaintiff's reputation as a serial filer is not limited to this Court or this District. Plaintiff has filed many lawsuits in the Northern District of Georgia and has been made aware of the consequences of his filing practices. See Harpo v. Fulton Cnty. Superior Ct., Nos. 1:16-cv-1065, 1:16-cv-1066, 1:16-cv-1067, 2016 WL 1449681, at *1 (N.D. Ga. Apr. 13, 2016) (noting, in a previous order, the court required Plaintiff "to disclose his full litigation history in any civil rights complaint and/or [in forma pauperis] affidavit that he files" because "Plaintiff is a frequent filer of frivolous lawsuits"); Harpo v. Howard, No. 1:16-cv-3876, 2017 WL 468212, at *1 (N.D. Ga. Feb. 3, 2017) (reviewing Plaintiff's motions for frivolity pursuant to 28 U.S.C. § 1915(e)(2)(B)); Harpo v. Onna, No. 1:16-cv-2956, 2017 WL 5244183, at *1 (N.D. Ga. Apr. 12, 2017) ("[Plaintiff] is a frequent filer of frivolous lawsuits."). Despite numerous warnings from this Court and those in the Northern District, Plaintiff continues to file frivolous lawsuits and motions.

Plaintiff's time has come. The Court will no longer tolerate his frivolous filings because they impair the Court's ability to adjudicate the legitimate claims of other litigants. Accordingly, **THE COURT IMPOSES THE FOLLOWING RESTRICTIONS ON PLAINTIFF:**

1. As to any of Plaintiff's future filings,[4] the Clerk **SHALL** open a single miscellaneous file for tracking purposes, and, upon

---

[4] The Court defines "filings" to include motions, papers, letters, complaints, or any other documents Plaintiff seeks to file with the Court.

receipt of any filing from Plaintiff, forward the filing to the presiding judge, who will determine whether the filing has any arguable merit. Only if the filing alleges a plausible claim for relief will the Court allow it to be filed. Any filings that fail to do so will be **DISMISSED** without any further judicial action after **THIRTY (30) DAYS** from the date the Clerk receives the filing unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997). Thus, although the Court will read and consider all of Plaintiff's future filings, it will not necessarily enter an order addressing each one. If no order is forthcoming, then **THIRTY (30) DAYS** after the filing's receipt, the Clerk **SHALL**, without awaiting any further direction, notify Plaintiff his case has been dismissed without prejudice.

2. The Clerk **SHALL NOT DOCKET** any further filings in this case. The Clerk also **SHALL NOT DOCKET** any further filings in a case dismissed pursuant to the directive above except for a notice of appeal. Any filings other than a notice of appeal **SHALL** be returned to Plaintiff unfiled. If Plaintiff files a notice of appeal, the Clerk **SHALL** forward a copy of this Order, the notice of appeal, and the dismissed complaint to the Eleventh Circuit.

Plaintiff **SHALL** remain responsible for appellate filing fees, or he may move the Court to grant IFP status on appeal.

3. To ensure Plaintiff's future filings are properly consolidated for review, the Clerk **SHALL** personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring all of Plaintiff's future filings are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office receives and dockets the papers.

4. Plaintiff may file a motion to modify or rescind the imposition of these restrictions **NO EARLIER THAN ONE (1) YEAR** from the date of this Order.

5. These filing restrictions do not apply to any criminal or civil case in which Plaintiff is named as a defendant or to any proper application for a writ of habeas corpus.

6. A copy of this Order **SHALL** be forwarded to each judicial officer in this District.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss, construed as a motion for judgment on the pleadings, (Doc. 171) is **GRANTED**. The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of February, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA