IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WIHLY HARPO-BROWN, | * |
| Plaintiff, | * |
| v. | *  CV 121-087 |
| INTERMARK MANAGEMENT CORPORATION, et al., | * |
| Defendants. | * |

**O R D E R**

Before the Court are Plaintiff's motion to set aside this Court's Order denying him leave to appeal *in forma pauperis* (IFP) (Doc. 265) and his motion to supplement the record on appeal (Doc. 266). The Court construes Plaintiff's motion to set aside (Doc. 265) as a motion to reconsider. For the following reasons, Plaintiff's motion to reconsider (Doc. 265) is **DENIED AS MOOT**, and his motion to supplement the record on appeal (Doc. 266) is **DENIED.**

**I. MOTION TO RECONSIDER**

On May 13, 2024, the Court denied Plaintiff's motion to appeal IFP because it could "discern no non-frivolous issues to raise on appeal." (Doc. 260.) Plaintiff's motion to reconsider asserts the denial was premised on various "plainly manifest errors" by the Court. (Doc. 265, at 5-8.) However, on July 22, 2024, the

Eleventh Circuit Court of Appeals issued an order denying Plaintiff's IFP motion as unnecessary under the Prison Litigation Reform Act. (Doc. 262.) Because the Court of Appeals has disposed of this issue, this Court **DENIES AS MOOT** Plaintiff's motion to reconsider (Doc. 265).

## II. MOTION TO SUPPLEMENT THE RECORD ON APPEAL

The Court now turns to Plaintiff's motion to supplement the record on appeal. (Doc. 266.)

**A. Background**

On February 29, 2024, this Court granted Defendants' motion to dismiss. (Doc. 251.) Plaintiff filed a notice of appeal on April 8, 2024. (Doc. 253.) That same day, the Court transmitted the Notice of Appeal, docket sheet, and record on appeal to the Eleventh Circuit Court of Appeals. (Doc. 254.) The docket sheet contained 253 entries, beginning with Plaintiff's original complaint filed June 2, 2021 (Doc. 1) and ending with Plaintiff's notice of appeal (Doc. 253). Also on April 8, 2024, the Court mailed Plaintiff a copy of the enclosure document sent to the Court of Appeals noting the records, including "docket entries," it had forwarded to the Court of Appeals. (Doc. 254-2.)

Plaintiff has filed the following since his April 8, 2024, notice of appeal: on April 11, 2024, a motion titled "Plaintiff's Consolidated Notices of Appeal (Supplemental)," (Doc. 256); on

2

April 30, 2024, a motion for leave to appeal *in forma pauperis* (IFP), (Doc. 258); on May 20, 2024, a reply to Defendant's response to his IFP motion, (Doc. 261); and on August 12, 2024, both a motion to reconsider this Court's denial of his IFP motion, (Doc. 265), and this motion to supplement the record on appeal, (Doc. 266). The instant motion to supplement asks this Court to

> fil[e and forward to the Eleventh Circuit] all submissions of Plaintiff and other parties received by the Court subsequent to transmission of the first and original appellate record of the District Court to the said Court of Appeals and all documents relevant to this matter which may have yet been otherwise omitted or excluded therefrom to date.

(Id. at 1-2.)

**B. Statement of Law**

Per Federal Rule of Appellate Procedure 10(a), the appellate record should include "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district court." The Eleventh Circuit has clarified that Rule 10(a) refers only to the papers, filings, and proceedings before the district court when it decided the issue being appealed. Chapman v. AI Transp., 229 F.3d 1012, 1026-27 (11th Cir. 2000) (citations omitted) (noting the "universally followed rule" that "a federal appellate court may examine *only* the evidence which was

3


before the district court when the latter decided the motion" now on appeal).

Achieving the purpose of Rule 10(a) requires that the contents of the appellate record "truly disclose[] what occurred in the district court." In re Equifax Inc. Customer Data Sec. Breach Litig., 999 F.3d 1247, 1271 (11th Cir. 2021). Therefore, Rule 10(e) grants district courts authority to correct or add information to the record if "anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. Proc. 10(e)(2)(B). In such situation, the district court may certify and forward to the court of appeals a supplemental record containing the corrected or additional information. Id. Parties, however, may not wield Rule 10(e) "to add to the record on appeal matters that did not occur [in the district court] in the course of proceedings leading to the judgment under review." Lester v. Portfolio Recovery Assocs., LLC, 324 F. Supp. 3d 1227, 1232 (N.D. Ala. 2018) (declining to supplement record with unspecified "facts and testimony" and documents not previously considered by the court); see also Edwards v. Tift Reg'l Health Sys., Inc., No. 7:20-CV-3, 2022 WL 1608558, at *1 (M.D. Ga. May 20, 2022) (citation omitted) ("Rule 10(e) does not allow the district court to add to the record as a means to present matter that was not relevant or not addressed in the course of proceedings."); United States v. Belcher, No. 2:14-CR-00131,

2018 WL 9649939, at *2 (S.D. Ala. Nov. 8, 2018) (denying motion to supplement when the proffered materials "were not omitted from the record by error or accident" and the existing appellate record "truly disclose[d] what occurred in th[e district c]ourt") (internal quotation marks omitted).

**C. Analysis**

Plaintiff contends that, since transmittal of the district court's final judgment and Plaintiff's notice of appeal, "pertinent factual and procedural issues have developed in the district court that have serious implications affecting Plaintiff's appeal." (Doc. 266, at 2.) These factual and procedural issues, he asserts, "must be included and reflected in the record before the appellate court to enable any prospectively necessary review." (Id.) He then identifies three categories of "papers" he argues should be included in the appellate record: (1) documents submitted by Plaintiff before, but received by the Court after, imposition of the February 29, 2024 Order dismissing the case; (2) documents "concerning matters of administration" Plaintiff submitted to the Court after the February 29, 2024 Order, including his motion to appeal IFP; and (3) documents that have been or will be "created and filed/entered by the Clerk and District Court" and "tend to have substantial impact upon the appeal." (Id. at 2-3.)

5

As a preliminary matter, apart from his motion to appeal IFP, Plaintiff identifies no *specific* documents with which he wishes to supplement the record.[1] (See Doc. 266.) Plaintiff's motion merely urges this Court to supplement the record with "all submissions . . . and all documents relevant to this matter which may have . . . been otherwise omitted" from the appellate record. (Id. at 1-2.) And while Plaintiff expounds upon this slightly by describing the three categories of documents, he nonetheless offers this Court no reasonable means of discerning what it is that he believes is missing from the appellate record. It is Plaintiff's responsibility to direct the Court to the specific items with which he wishes to supplement the appellate record. See Lester, 324 F. Supp. 3d at 1234 (declining to supplement record with "facts and testimony" when petitioner "never identifie[d] any specific facts or testimony to which it [was] referring").

But even if Plaintiff did clearly identify the allegedly missing documents, his motion still fails because none of the categories of "papers" with which he seeks to supplement the appellate record were before the Court when it entered its February 29, 2024 Order granting Defendants' motion to dismiss. (See Doc. 266, at 3; Chapman, 229 F.3d at 1026-27 (citations omitted).) Plaintiff does not argue that the record on appeal fails to "truly

---

[1] The Court of Appeals denied Plaintiff's motion to appeal IFP on July 23, 2024, thereby mooting any concern Plaintiff may harbor about the appellate court's knowledge of that motion. (Doc. 262.)

6

disclose[] what occurred in the district court," nor that the record transmitted to the Court of Appeals on April 8, 2024 omits or misstates evidence before this Court when it granted Defendants' motion to dismiss. Belcher, 2018 WL 9649939, at *2. Rather, Plaintiff vaguely asserts that supplementing the record will "permit Plaintiff to have an adequate and meaningful appeal." (Doc. 266, at 4.) Because this Court is permitted to forward to the Court of Appeals only the "papers and exhibits filed in the district court," FED. R. APP. PROC. 10(a), during "the course of proceedings leading to the judgment under review," Edwards, 2022 WL 1608558, at *1, it may not add to the appellate record any filings occurring after the Court's February 29, 2024 Order granting Defendants' motion to dismiss. Plaintiff's motion to supplement the record on appeal is therefore **DENIED**.

### III. CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Plaintiff's motion to reconsider (Doc. 265) is **DENIED AS MOOT** and Plaintiff's motion to supplement the record on appeal (Doc. 266) is **DENIED**.

7

**ORDER ENTERED** at Augusta, Georgia, this 28th day of October, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA